In re Robin LYLE and Elaine Lyle, Debtors.

In re Jerry WEISSMAN and Janice Weissman, Debtors.

Bankruptcy Nos. 93–3269–8P7, 93–1905–9P7.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 21, 1994.

Daniel Medeiros, Sarasota, FL, for Lyles.

Stephen L. Meininger, Trustee, Meininger & Meininger, Tampa, FL, for trustee.

## ORDER ON OBJECTIONS TO CLAIMS OF EXEMPTIONS

ALEXANDER L. PASKAY, Chief Judge.

THESE ARE two non-consolidated Chapter 7 cases which involve the same identical issue, that is the timeliness of an Objection to the claims of exemption of Robin and Elaine Lyle, the Debtors in Case Number 93–3269–8P7 and Jerry and Janice Weissman, the Debtors in Case Number 93–1905–9P7. The Objection to the claim of exemptions was filed by Stephen L. Meininger, the Trustee in the case of Robin and Elaine Lyle and by Stephanie Carr, the Trustee in the case of Jerry and Janice Weissman. The Objections are based upon the proposition urged by the Trustees that the total value of the personal property claimed as exempt exceeds the maximum allowed by Article X, § 4(2) of the Florida Constitution. In opposition, the Debtors contend that the Objections were not timely and therefore the property claimed as exempt became exempt, even though the values claimed might be in excess of the amount allowed by law. The facts relevant to the resolution of these controversies are similar and are as follows:

The Lyles filed their original Petition for Relief under Chapter 13 of the Bankruptcy Code on March 25, 1993. In connection with the Petition, the Lyles filed their Schedules, and in their Schedule C they claimed as exempt personal property in the total amount of $4,170.00. In addition, the Lyles claimed as exempt their Ford Ranger valued at $9,000.00 on which the Debtors owed $9,700.00 and an anticipated tax refund in the amount of $459.00. The § 341 meeting of creditors was concluded on April 27, 1993. The Chapter 13 standing trustee did not object to the claim of exemptions. The Lyles, having failed to obtain confirmation of their Chapter 13 Plan, filed a Notice of Voluntary Conversion on September 9, 1993. The Trustee, Stephen L. Meininger, was subsequently appointed pursuant to § 701. The § 341 meeting held after conversion concluded on October 19, 1993.

On November 16, 1993, the Trustee Stephen Meininger filed an Objection to the Lyles' claim of exemptions, alleging that the Lyles claimed as exempt personal property in the total amount of $4,170.00, not including the Ford Ranger in which the Lyles had no equity and the anticipated tax refund which was received by the Lyles prior to the filing of the original Petition, which exceeds the $2,000.00 personal property exemption maximum afforded by Article X, § 4(2) of the Florida Constitution.

The Weissmans filed their Petition for Relief under Chapter 13 of the Bankruptcy Code on February 22, 1993. In connection with the Petition, the Weissmans filed their Schedules, and in their Schedule C they claimed as exempt personal property in the total amount of $23,200. In addition, the Weissmans claimed as exempt funds from their individual retirement accounts in the total amount of $2,896.72. The § 341 meeting of creditors was concluded on June 4, 1993. The Chapter 13 standing trustee did not object to the claim of exemptions. The Weissmans, having failed to obtain confirmation of their Chapter 13 Plan, filed a Notice of Voluntary Conversion on October 28, 1993. The Trustee, Stephany S. Carr, was subsequently appointed pursuant to § 701. The § 341 meeting held after conversion concluded on December 14, 1993.

On January 3, 1994, the Trustee Stephany S. Carr filed an Objection to the Weissmans' claim of exemptions, alleging that the personal property claimed as exempt by the Weissmans, not including the IRA funds, exceeds by $19,200.00 the $2,000.00 personal property exemption maximum afforded by Article X, § 4(2) of the Florida Constitution.

The Debtors in both cases filed timely Responses to the Trustees' Objections, contending that since no party in interest objected to the claims of exemptions within thirty days following the conclusion of the § 341 meetings in the Chapter 13 cases, the properties claimed as exempt automatically became exempt, and that the Trustees are therefore time-barred from objecting to the claims of exemptions, citing *Taylor v. Freeland & Kronz,* —— U.S. ——, ——, 112 S.Ct. 1644, 1648, 118 L.Ed.2d 280 (1992).

The time-frame in which a party in interest must challenge a debtor's right to exemptions is governed by F.R.B.P. 4003(b) which provides in pertinent part:

The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days of the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list or supplemental schedules unless, within such period, further time is granted by the court.

The difficulty in the literal application of this Rule is demonstrated by the fact pattern involved in these two cases. This is so because the Rule furnishes no guide as to whether the § 341 meeting held after conversion to Chapter 7 case retriggers the 30–day time-frame in which a trustee must challenge the claim of exemptions of a debtor or the date when the § 341 meeting was concluded before conversion during the pendency of the Chapter 13 case will control.

Chapter 13 is designed to assist individuals with regular income to adjust debts. Although § 1322(b)(8) permits the sale of assets, the Chapter is designed to enable the debtor to fund the plan with the debtor's future income, and not by liquidation of the debtor's assets. Thus, in the context of a Chapter 13 case, the debtor's right to exemptions is only relevant in determining whether or not the debtor's Plan meets the requirements of § 1325(a)(4), which requires that creditors will receive more under the plan proposed by the debtor than they would receive under Chapter 7. For this reason, as a general proposition, the debtor's right to exemptions claimed is academic in a Chapter 13 case, and the standing trustees in Chapter 13 cases seldom, if ever, pay any attention to claim of exemptions set forth in a debtor's schedules. On the other hand, when the case is converted to Chapter 7, the issue of exemptions becomes of paramount importance, because to the extent exemptions are not allowed, the property in question will remain property of the debtor's estate and is subject to administration by the Chapter 7 trustee.

F.R.B.P. 1019 is designed to deal with readjustment of time-frames upon conversion. That Rule provides that upon conver-

sion, the time to file claims governed by Rule 3002 is restarted, as is the time fixed by Rule 4004(a) in which to file complaints objecting to the discharge pursuant to § 727(a) and the time fixed by Rule 4007(c) in which to file complaints pursuant to § 523(c). Although the Rule is silent regarding the rescheduling of a new § 341 meeting, the only sensible construction of § 348 and Rule 1019 admits no other result except that a new time-frame is triggered by the conclusion of the meeting of creditors held after conversion. This is so because § 348 refers back to § 4004 and § 4007 which provide, of course, that complaints objecting to general discharge pursuant to § 727(a) and complaints pursuant to § 523(c) must be filed within 60 days following the date set for the meeting of creditors. This time-frame must relate to the new § 341 meeting, because if it refers to the original § 341 meeting, which could have been held possibly years later, the new time-frame provided by Rule 1019 would be totally meaningless and academic. Unfortunately, Rule 1019 makes no provision for restarting a new time-frame for filing objections to a debtor's claim of exemptions when the case is converted from Chapter 13 to Chapter 7.

If Rule 4003(b) is construed to mean that the 30–day time-frame is triggered by the § 341 meeting held in the Chapter 13 case, then the interim trustee in the Chapter 7 case is never in a position to challenge a debtor's claim of exemption, even when the interim trustee discovers during the § 341 meeting held after conversion facts which suggest that the debtor's claim of exemption is unsupported by facts or by law or both. This in turn creates an anomalous situation— that the debtor is allowed to retain and immunize property merely because the Chapter 13 trustee did not file a timely objection to the claim of exemptions even if the claim is not supported by Florida law.

In *Taylor v. Freeland & Kronz, supra,* the Supreme Court held that the failure to timely object to the claim of exemption is a final binding determination of the debtor's right to exemption, even if it is clear that the claim of exemption had no basis in fact or law. This is so because § 522(*l*) expressly provides that unless a party in interest objects, the claim of exemption is allowed.

■ This Court is satisfied that despite the fact that Rule 1019(2) fails to retrigger the time-frame within which an objection to claim of exemption must be filed, the Chapter 7 trustee should have an opportunity to do so when the facts discovered warrant, provided that the trustee files the objection within thirty days of the conclusion of the § 341 meeting held after conversion.

No one disputes the fact that a debtor should be entitled to full enjoyment of properly allowable exemptions. It is also important to note that the overriding purpose of the Bankruptcy Code is to allow a debtor to have a "fresh start" by providing much needed relief from the pressure and discouragement of pre-existing debt. *Lines v. Frederick,* 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970). Nevertheless, it is equally true that the Code contemplates a fair quid pro quo to the creditors, who are entitled to share in the proceeds produced by the liquidation of the non-exempt assets by the trustee in the Chapter 7 case. The fresh start concept explained by *Frederick* should not permit a debtor to immunize from the estate property not exempted under applicable law. In view of the foregoing, this Court is satisfied that the Trustee's Objection to Claim of Exemptions is timely.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee Stephen Meininger's Objection to the Lyles' claim of exemptions is sustained, and the claim of exemptions is disallowed to the extent it exceeds the $2,000.00 amount allowable to the Lyles pursuant to Article X, § 4 of the Florida Constitution. The Lyles shall select which property they claim as exempt within 15 days of the entry of this Order. The Trustee is directed to administer the excess as property of the estate. It is further

ORDERED, ADJUDGED AND DECREED that the Trustee Stephany Carr's Objection to the Weissmans' claim of exemptions is sustained, and the claim of exemptions is disallowed to the extent it exceeds the $2,000.00 amount allowable to the Weissmans pursuant to Article X, § 4 of the Florida Constitution. The Weissmans shall select which property they claim as exempt within

15 days of the entry of this Order. The Trustee is directed to administer the excess as property of the estate.

DONE AND ORDERED.