In re Raul **FERRETTI**, Debtor.

Lucy DiBraccio, Trustee, Movant,

v.

Raul Ferretti, Respondent.

Bankruptcy No. 95–15422–BKC–AJC.

United States Bankruptcy Court,
S.D. Florida.

Jan. 29, 1999.

Robert C. Meyer, Coral Gables, FL, for Chapter 7 Trustee.

Forrest Sygman, Coral Gables, FL, for Debtor.

## MEMORANDUM OPINION AND ORDER

BARRY S. SCHERMER, Bankruptcy Judge.

### INTRODUCTION

The Chapter 7 trustee in this case which was converted from Chapter 13 objected to debtor's claim of exemption in automobile accident proceeds paid to the debtor prior to conversion. The debtor claimed the accident proceeds exempt in his Chapter 13 schedules and the Chapter 13 trustee did not object to the exemption. The issue before this court is whether the Bankruptcy Code affords the Chapter 7 trustee a new opportunity in the 30 days following the section 341 meeting of creditors in the converted case, to object to the debtor's exemptions when no bad faith in conversion has been shown. This court holds that the Code does not provide this trustee with an opportunity to review such exemptions.

### JURISDICTION

This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, 1334. The parties have stipulated that this is a "core proceeding" in which the Court may hear and enter appropriate judgments pursuant to 28 U.S.C. § 157(b)(2)(B).

### FACTS

Raul Ferretti filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code on November 6, 1995. In Schedule "B—Personal Property" the debtor listed an "Automobile accident claim" valued at $1.00 as an account receivable. The debtor claimed the value of this asset (at $1.00) as

exempt in Schedule "C—Property Claimed Exempt." Neither the Chapter 13 trustee nor any interested party objected to debtor's exemption. Debtor's Chapter 13 plan was confirmed on January 2, 1996 and thereafter, the debtor settled the automobile accident claim for $70,000. After authorized disbursements of $47,123.53 for various medical and legal expenses related to the claim, the debtor sought to have the remaining $22,876.47 distributed to him. The Chapter 13 trustee objected to such distribution on the basis that the debtor only claimed the value of $1.00 exempt, and further, on the basis that the remaining funds were sufficient to pay the debtor's creditors in full and should be applied in an amended Chapter 13 plan as disposable income. The Honorable A. Jay Cristol, Chief Judge of the United States Bankruptcy Court for the Southern District of Florida, relying on the Supreme Court's decision in *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), heard these issues and held: (1) in the absence of a timely objection, the entire proceeds of the automobile accident claim were exempt; and (2) proceeds of an exempt asset are not included in the debtor's disposable income. *In re Ferretti*, 203 B.R. 796 (Bankr.S.D.Fla.1996).

Two and one half years after the original petition, (specifically, on June 30, 1998), the debtor filed a notice of conversion. By order of July 10, 1998, the court converted the case from Chapter 13 to Chapter 7 and set a section 341 meeting of creditors. The meeting of creditors was held on August 21, 1998, and on August 31, 1998, the Chapter 7 trustee, Lucy C. DiBraccio, (the "Trustee") filed objections to the debtor's original claimed exemptions. On October 6, 1998, the undersigned heard those objections and overruled the objections on the basis that the property

had already been claimed exempt. This court ruled that without objection by the Chapter 13 trustee, the property vested in the debtor and was not property of the estate subject to exemption or objection. In so holding, the court adopted the analysis of *In re Brown*, 178 B.R. 722 (Bankr.E.D.Tenn. 1995), involving a conversion from Chapter 11 to Chapter 7 wherein the court carefully explained that once property was exempt in the reorganization case, it left the bankruptcy estate and could not be part of the Chapter 7 estate after conversion. The court in *Brown* persuasively analyzed and rejected the Chapter 7 Trustee's policy arguments and this court adopted such analysis.

At conclusion of the hearing, this court instructed debtor's counsel, as the prevailing party, to prepare a proposed order and tender it to Trustee's counsel for review before submitting it to the court. The court waited more than a month before receiving the proposed order which debtor's counsel submitted with a letter of transmittal dated November 19, 1998. Prior to submitting the proposed order, however, the Trustee filed a Motion for Rehearing or Motion to Vacate the Ordering Denying the Trustee's Objection to Claimed Exemptions, ("Motion for Rehearing") which was heard on November 3, 1998, before the Honorable Chief Judge, A. Jay Cristol. Thereafter, on or about November 13, 1998, the Trustee and the debtor filed competing memoranda orders granting (or denying) the Trustee's Motion for Rehearing. On December 15, 1998, the undersigned learned of the Motion for Rehearing and discussed the status of the case with Judge Cristol. Subsequently, Chief Judge, A. Jay Cristol denied the Motion for Rehearing as premature. Thus, only the original Objection to Exemptions is before this court.[1]

---

1. Having read the parties' parallel statement of uncontested facts in their competing memoranda orders, however, this court is compelled to correct a clear misrepresentation made to the Chief Judge in those orders. Both proposed orders stated:

   The parties recognize that there was no written ruling, but agreed to have the matter reheard in light of the fact that the issues need to be resolved and *the failure to receive a written order was based upon the difficulties of obtain-*

*ing a visiting judge's signature as opposed to any other delay.* (emphasis added).

The sequence of events shown by the filing dates of the Motion for Rehearing, (October 13, 1998), the competing memoranda orders (filed on or about November 13, 1998), followed by submission of the proposed order to the undersigned on November 19, 1998, reflect the clear error in the representation quoted above. Moreover, on various occasions in October and early November, the undersigned contacted the visiting judge's

## DISCUSSION

To answer whether a Chapter 7 trustee after conversion has the right to object to exemptions claimed and allowed in a Chapter 13 case prior to conversion, we begin with the relevant Bankruptcy Rules and Code sections. Bankruptcy Rule 4003 titled "Exemptions" is the starting point, and that Rule states in part, under 4003(a): "**Claim of Exemptions.** A debtor shall list the property claimed as exempt under § 522 of the Code on the schedule of assets required to be filed by Rule 1007...." Next, we turn to Bankruptcy Rule 1007, and specifically to Rule 1007(b)(1) which requires:

> Except in a chapter 9 municipality case, the debtor, unless the court orders otherwise, shall file schedules of assets and liabilities, a schedule of current income and expenditures, a schedule of executory contracts and unexpired leases, and a statement of financial affairs, prepared as prescribed by the appropriate Official Forms.

1007(b)(1) Fed.R.Bankr.P.

Bankruptcy Rule 1007(c) is also critical to the instant issue, and it states that "[s]chedules and statements filed prior to the conversion of a case to another chapter **shall be deemed filed in the converted case** unless the court directs otherwise." 1007(c) Fed. R.Bankr.P. (emphasis added). Similarly, Rule 1007(h) directs when amended schedules (and amended claims of exemption) must be filed for certain property acquired after the petition date. That rule refers only to property of the kind listed in 11 U.S.C. § 541(a)(5) and states:

> If, as provided by § 541(a)(5) of the Code, the debtor acquires or becomes entitled to acquire any interest in property, the debtor shall within 10 days after the information comes to the debtor's knowledge or within such further time the court may allow, file a supplemental schedule in the

chapter 7 liquidation case, chapter 11 reorganization case, chapter 12 family farmer's debt adjustment case, or chapter 13 individual debt adjustment case. If any of the property required to be reported under this subdivision is claimed by the debtor as exempt, the debtor shall claim the exemptions in the supplemental schedule. The duty to file a supplemental schedule in accordance with this subdivision continues notwithstanding the closing of the case, except that the schedule need not be filed in a chapter 11, chapter 12, or chapter 13 case with respect to property acquired after entry of the order confirming a chapter 11 plan or discharging the debtor in a chapter 12 or chapter 13 case.

1007(h) Fed.R.Bankr.P.

Property described in 11 U.S.C. § 541(a)(5) is limited to property interests that the debtor acquires within 180 days of the petition date which are the result of inheritance, property settlement with the debtor's spouse, or life insurance proceeds. Unless such categories of property are involved, there is no duty for a debtor to file new schedules after conversion.

Turning now to the applicable rules controlling objections to exemptions, we begin with Bankruptcy Rule 4003(b). That rule generally requires objections to be filed within 30 days of the conclusion of the section 341 meeting of creditors and states:

> **Objections to Claim of Exemptions.** The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list or supplemental schedules unless, within such period, further time is granted by the court....

4003(b) Fed.R.Bankr.P.

■ The question before this court arises from the lack of clarity in Rule 4003(b)

courtroom deputy to request the parties submit their proposed order. In this judge's experience, sitting as a visiting judge in the Southern District of Florida over the past three years, I have come to respect the professionalism and honesty of the bankruptcy practitioners of the Southern District. I would never have imagined such counsel to surreptitiously malign a visiting judge's integrity for thoroughness and timeliness to the as-

signing Chief Judge. Because of my experience with Trustee's counsel in other matters since discovering this erroneous statement, the court will trust that these written submissions were simply the result of an oversight or miscommunication and will consider this record a sufficient cautionary reprimand to alert counsel against making unfounded accusations against this court in the future.

whether the "meeting of creditors" referred to in this rule is the original meeting of creditors in the Chapter 13 case, or the meeting scheduled after conversion in the Chapter 7 case. Rule 2003(a) addresses the scheduling of meetings of creditors and requires the United States trustee to schedule meetings of creditors within a certain number of days after the order for relief. Specifically, the rule states that "[i]n a chapter 7 liquidation or a chapter 11 reorganization case, the United States trustee shall call a meeting of creditors to be held no fewer than 20 and no more than 40 days after the order for relief." 2003(a) Fed.R.Bankr.P. Although the rule does not contain specific direction to the United States trustee to conduct a meeting of creditors after conversion, such a duty is implied when the rule is read together with the provisions of 11 U.S.C. § 348(a) stating the effect of conversion. First, Rule 2003(a) mandates that "in a Chapter 7 liquidation the United States trustee **shall call a meeting of creditors** to be held ... **after the order for relief**...." 2003(a) Fed.R.Bankr.P. (emphasis added). Next, 11 U.S.C. § 348(a) specifies that "[c]onversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted...." 11 U.S.C. § 348(a). Because an order of conversion constitutes an order for relief under the chapter to which the case is converted, Rule 2003(a) mandates the United States trustee to call a meeting of creditors.

■ The question next becomes whether the debtor **must** file new schedules because the United States trustee will hold a new meeting of creditors. It is clear that the debtor **may** amend his schedules or voluntarily file new schedules as evidenced by Rule 1009(a) which states that "a voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed." 1009(a) Fed.R.Bankr.P. Additionally, Rule 1009(a) provides that on motion of a party in interest, **the court may require** a debtor to amend his petition, schedules or statement of intention. However, nothing in the Rules or Code appears to **require** amended schedules

at conversion. Rather, the Rules suggest that new schedules are not required. Rule 1007(c) states: "[s]chedules and statements filed prior to the conversion ... **shall be deemed filed in the converted case**," 1007(c) Fed.R.Bankr.P., and the same language is restated in Rule 1019(1)(A). Rule 1019 also forecloses the notion that a debtor must file new schedules or re-claim exemptions after conversion. The language of that rule precisely states which forms a debtor must file after conversion, and except in certain instances of bad faith, the rule does not include schedules among the forms a debtor is required to file. *See* 1019(5) Fed.R.Bankr.P. Additionally, the provisions of Rule 1019(2) setting new filing periods for certain actions after conversion argue against the notion that a new objection period exists for challenging the exemptions claimed in the pre-conversion case. Rule 1019(2) specifies new time periods for filing claims and for filing complaints objecting to discharge or dischargeability, but noticeably absent from the list of new time periods is a new deadline for filing objections to exemptions. *See* 1019(2) Fed.R.Bankr.P.

Because Rule 1019 states the procedures upon conversion, the rule bears analyzing in detail. The relevant provisions are 1019(5)(B) and (C) which state:

(B) *Conversion of Chapter 13 Case.* Unless the court directs otherwise, if a chapter 13 case is converted to chapter 7,

(i) the debtor, not later than 15 days after conversion of the case, shall file a schedule of unpaid debts incurred after the filing of the petition and before conversion of the case, including the name and address of each holder of a claim; and

(ii) the trustee, not later than 30 days after conversion of the case, shall file and transmit to the United States trustee a final report and account;

(C) *Conversion after Confirmation of a Plan.* Unless the court orders otherwise, if a chapter 11, chapter 12, or chapter 13 case is converted to chapter 7 after confirmation of a plan, the debtor shall file:

(i) a schedule of property not listed in the final report and account acquired after

the filing of the petition but before conversion, **except if the case is converted from chapter 13 to chapter 7 and § 348(f)(2) does not apply;**

(ii) a schedule of unpaid debts not listed in the final report and account incurred after confirmation but before conversion; and

(iii) a schedule of executory contracts and unexpired leases entered into or assumed after the filing of the petition but before conversion.

Rule 1019(5)(B), (C) Fed.R.Bankr.P.

From these rules, it is apparent that any debtor in a case converted to Chapter 7 is not required to file new schedules. The debtor is required only to file a list of new property acquired post-petition and pre-conversion if that property is not listed in the trustee's final report; however, in cases converted from Chapter 13 to Chapter 7, the rule contains an important exception. In conversions from Chapter 13 to Chapter 7, the exception provides that notwithstanding the foregoing, unless 11 U.S.C. § 348(f)(2) (bad faith conversion) applies, the debtor does not have to file the list of additional property.

In summary, then, at conversion, the Chapter 13 trustee must file a final report, and the debtor must file a schedule of unpaid, post-petition, pre-conversion debts. In conversions from Chapter 11 or Chapter 12 cases, or in Chapter 13 cases when the case is converted in bad faith, the debtor must also file a list of property acquired post-petition that was not included in the trustee's final report. In Chapter 13 cases, however, when, as here, there are no allegations of bad faith, the debtor need not disclose additional property acquired post-petition.

This rule is consistent with the definition of property of the estate in 11 U.S.C. § 348(f) for cases converted to Chapter 7 from Chapter 13. Section 348(f)(1)(A) states that "property of the estate in the converted case shall consist of property of the estate as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion." 11

U.S.C. § 348(f)(1)(A). Additionally, 11 U.S.C. § 348(f)(1)(B) provides that the valuations of property and of allowed secured claims in a Chapter 13 case shall apply in the converted case.

These provisions of 11 U.S.C. § 348(f) were adopted in the Bankruptcy Reform Act of 1994 to resolve a split of authority concerning what property was to be included as property of the estate when a case was converted from Chapter 13 to Chapter 7. *See In re Sargente,* 202 B.R. 1023, 1024–25 (Bankr.S.D.Fla.1996) (J. Mark) (discussing the split of authority and explaining that Congress codified the result of *In re Bobroff,* 766 F.2d 797 (3d Cir.1985) which encouraged the use of debt repayment plans by ensuring that property acquired post-petition would not be subject to creditors' claims if Chapter 13 proved unsuccessful). Courts which held that property acquired post-petition must be property of the Chapter 7 estate after conversion did so because they believed such policy was "necessary to discourage strategic, opportunistic behavior that hurts creditors without advancing any legitimate interests of the debtors." *In re Lybrook,* 951 F.2d 136, 137 (7th Cir.1991). *Lybrook, In re Calder,* 973 F.2d 862 (10th Cir.1992), and *In re Lindberg,* 735 F.2d 1087 (8th Cir.1984) (holding that date of conversion determines what exemptions apply), base their results on policy concerns that debtors may abuse the Chapter 13 process by holding creditors at bay, acquiring assets post-petition, and then converting to Chapter 7 with the result that such assets would be sheltered from creditors.

These are the same policy arguments Trustee's counsel asserts in the present case to support her contention that the Chapter 7 trustee should have an opportunity within 30 days of the section 341 meeting of creditors held after conversion to file objections to claimed exemptions. In summary of these arguments, the Trustee quotes *In re Weissman,* 173 B.R. 235 (M.D.Fla.1994) for the following analysis:

To construe Rule 4003(b) to mean that the original § 341 meeting triggers the thirty (30) day time frame in which to file objections would deprive Chapter 7 trust-

ees of the opportunity to challenge the debtor's claims of exempted property. This interpretation would allow debtors to immunize certain property merely because the Chapter 13 trustee failed to file a timely objection following the original § 341 meeting. With the procedural advantage afforded by this narrow interpretation of Rule 4003(b), debtors could routinely file under Chapter 13, list the bare minimum of property on Schedule C to qualify for Chapter 13 status, and once the time limit for objections expires, claim the same exemptions after converting to Chapter 7, thereby protecting certain assets even if the law clearly would otherwise prohibit such claims. Certainly when considering the policies underlying the Bankruptcy Code, this cannot be the intent of the legislators in devising distinct plans and schedules for debt payment.

*Id.* at 236–37.

The Trustee also cites *In re Bergen,* 163 B.R. 377 (Bankr.M.D.Fla.1994) and *In re Lyle,* 166 B.R. 972 (Bankr.M.D.Fla.1994) for these policy arguments and for the conclusion that a Chapter 7 trustee should have an opportunity to object to exemptions within 30 days of the meeting of creditors convened in the converted case. In addition to possible manipulation of the system by debtors, the Trustee and these cases also raise the further policy arguments that (1) Chapter 13 trustees or creditors or trustees in Chapter 11 cases are less interested in exemptions because the creditors will receive distributions from the estate; and (2) post-petition creditors whose claims are treated as if they arose pre-petition, never have an opportunity to object to exemptions.[2]

This court rejects the policy arguments of these cases. First, each of these cases was decided prior to the effective date of the 1994 Amendments to 11 U.S.C. § 348(f). Those amendments codified the rule that post-petition appreciation of assets and assets acquired post-petition are property of

the debtor—not property of the estate after conversion. Moreover, 11 U.S.C. § 348(f)(2) eliminates the policy concern that debtors may use conversion to abuse the bankruptcy process. Under 11 U.S.C. § 348(f)(2), "[i]f a debtor converts a case under chapter 13 ... to a case under another chapter ... in bad faith, the property in the converted case shall consist of the property of the estate as of the date of conversion." 11 U.S.C. § 348(f)(2). This provision provides a deterrent and remedy if debtors seek conversion in an abuse of the bankruptcy process.

Second, the statutory scheme of 11 U.S.C. § 348(f)(1) indicates that the relevant date for determining property of the Chapter 7 estate after conversion from Chapter 13 is the original filing date. Using analogous arguments, numerous courts have held that the right to exemptions after conversion should be determined by the facts and law as it existed on the date of the original bankruptcy petition. In *Lowe v. Sandoval (In re Sandoval )*, 103 F.3d 20, 22 (5th Cir.1997), for example, the circuit court reversed the district court and bankruptcy court, and held that the debtors could not claim their homestead exemption in a residence which the debtors established post-petition but prior to conversion because the court determined that "exemptions must be determined as of the date of filing." *Id.* The court explained, " 'to hold that the conversion date controls exemption eligibility would be tantamount to assuming that conversion creates a new filing date, an assumption that the statutory words preclude.' " *Id.* (quoting *In re Williamson,* 804 F.2d 1355, 1359 (5th Cir.1986)). *See In re Walter,* 45 F.3d 1023, 1028 (6th Cir.1995); *In re Magallanes,* 96 B.R. 253, 255 (9th Cir. BAP 1988); *see also In re Heater,* 189 B.R. 629, 636 (Bankr.E.D.Va.1995); *In re Michael,* 183 B.R. 230, 233 (Bankr.D.Mont. 1995); *In re Schoonover,* 147 B.R. 430 (Bankr.S.D.Ohio 1992) (each holding that the date of the original petition controls exemptions); and *In re Marcus,* 1 F.3d 1050, 1052

---

2. Under 11 U.S.C.'§ 348(d), "A claim against the estate or the debtor that arises after the order for relief but before conversion in a case that is converted under section 1112, 1208 or 1307 of this title, other than a claim specified in section 503(b) of this title, shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition." Thus, post-petition, pre-conversion claims are treated as pre-petition claims even though such creditors did not have an opportunity to participate in the case from the outset.

(10th Cir.1993) (holding that where law, not facts, changed between filing and conversion, law in effect on date of filing controls). Given that the statutory directive is clear that property of the estate is determined as of the original filing date, and that most courts also hold that exemptions are determined as of the original filing date, this court finds that objections to exemptions must also be raised within thirty days of the original filing date.

■ Neither is the court persuaded that exemptions are "merely academic" in Chapter 13 cases, nor that "standing trustees in Chapter 13 cases seldom, if ever, pay any attention to claim of exemptions set forth in a debtor's schedules." *In re Lyle*, 166 B.R. at 973. In a Chapter 13 case, the standing trustee has the duty to review exemptions in order to make certain that the proposed Chapter 13 plan meets the requirements of 11 U.S.C. § 1325(a)(4), which requires that creditors will receive more under the plan than they would under a Chapter 7 liquidation. This court respectfully disagrees that Chapter 13 trustees fail to pay attention to scheduled exemptions and finds, in this particular instance, no evidence that the trustee failed in her duty to conduct a "best interests of creditors" analysis under 11 U.S.C. § 1325(a)(4).

Finally, to permit the Chapter 7 trustee to revisit exemptions at this time would have the effect of setting aside and emasculating Chief Judge Cristol's order which granted the debtor's Motion to Distribute proceeds. In that order, Judge Cristol denied the Chapter 13 trustee's request to have the portion of the accident proceeds payable to the debtor devoted as disposable income in a third amended Chapter 13 plan. While acknowledging a preference that the law should require exempt property be used as disposable income, the court found that 11 U.S.C. § 522(c) " 'essentially immunizes exempt property against any liability for pre-petition debts,' " and held that the clear language of that section protected the exempt property. *Ferretti*, 203 B.R. at 800 (*quoting In re Reed*, 184 B.R. 733, 738 (Bankr.W.D.Tex.1995) (citations omitted)). To permit a second review of exemptions would thus, reverse both Judge Cristol's application of *Taylor v. Free-*

*land & Kronz*, and the law adopted in this case concerning disposable income. Such a result nullifies the principle of law of the case, ignores the statutory mandate that property of a converted case is to be determined as of the date of the original petition, and simply is wrong.

Further, the court is not persuaded by the policy argument that the Chapter 7 trustee must have an opportunity to review exemptions to protect the interests of post-petition creditors who did not participate in the Chapter 13 case. The comments of Judge Cook on this policy point are compelling.

> While it might be argued that postpetition creditors should have a chance to object to everything that had already happened in the case, the fact is that this is unworkable. For example, property may exit a Chapter 11 estate not only by exemption, but by abandonment, sale, or foreclosure after stay relief. In none of those other instances would a postpetition creditor be heard to complain, after conversion, that is had not had the opportunity to object during the Chapter 11. Postpetition creditors cannot unravel the fabric of time in attempt to recover property that has legally vested in the debtor....

*In re Brown*, 178 B.R. 722, 728, n. 4 (Bankr. E.D.Tenn.1995).

■ Although *Brown* involved conversion from Chapter 11 rather than from Chapter 13, this analysis applies in a Chapter 13 case as well. Post-petition creditors cannot unravel the effects of exemptions or other actions. While it may not be clear, based upon the language of 11 U.S.C. § 348(f)(1)(A), that once property is exempt in a Chapter 13 case it is removed from property of the estate in the converted case (as it is in a converted Chapter 11 case), it is nevertheless clear, that if a Chapter 13 debtor's assets appreciate post-petition, or if the debtor acquires post-petition assets, such added value accrues to the benefit of the debtor. There simply is no mechanism in the Code to protect post-petition creditors in this respect, and those who do business with a Chapter 13 debtor simply do so at some peril. Rule 4003(b) does not create a second opportunity for a Chapter 7 trustee in a converted case to

object to the originally filed exemptions, and the court cannot eliminate this risk that faces post-petition creditors.

 Lastly, there simply is no statutory basis for the court to determine that a Chapter 7 trustee after conversion should have an opportunity to reassert objections to exemptions. Indeed, Rule 1019(2) specifically addresses time period for actions after conversion, and provides for the re-running of times allowed for filing a claim, objecting to discharge and objecting to dischargeability. There is no new time period, however, for the trustee to assert objections to exemptions. "If a new time period for objections to exemptions began to run upon conversion of a case, one would expect to see it mentioned in Rule 1019(2), [and][i]t is not there." *In re Brown*, 178 B.R. 722, 728 (Bankr.E.D.Tenn. 1995). Where the statute is clear, it is not appropriate to look to policy arguments. *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 240–41, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989) (holding that where the statutory scheme is clear, "the inquiry should end"), and none of the policy arguments are persuasive.

In this case, the debtor continued under his Chapter 13 plan for nearly two and one-half years before converting. There has been no allegation that the debtor converted his case in bad faith nor has there been any request to have the debtor amend his schedules. During the course of the Chapter 13 case, debtor claimed the automobile accident as exempt, and because there was no objection to the exemption, the property was, in fact, exempt. *See* 11 U.S.C. § 522(*l*) ("Unless a party in interest objects, the property claimed as exempt ... is exempt.").

While the court does not determine in this order whether property exempt in a Chapter 13 case is property of the estate after conversion to Chapter 7 (as was the basis of the court's oral ruling), the court nonetheless finds no basis in law to allow the Chapter 7 trustee to object to exemptions and rejects the Trustee's policy arguments for the reasons articulated. Had the debtor voluntarily filed or been required to file amended schedules, the Trustee would have an opportunity to object to any newly claimed exemptions, but such is not the case here, and there is no authority to allow the Trustee's objection.

IT IS THEREFORE, ORDERED that Trustee's Motion Objecting to Claimed Exemptions is DENIED.