**In re Scott F. HAINZ, Debtor.**

**Bankruptcy No. 94–44418–172.**

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

Aug. 11, 1999.

Charles W. Riske, Clayton, MO, trustee.

Nathaniel M. Landman, Landman Law Firm, L.L.C., St. Charles, MO, for debtor.

### *ORDER*

JAMES J. BARTA, Chief Judge.

The hearing on the Trustee's objection to the Debtor's claim of a homestead exemption was called on June 10, 1999. The Trustee appeared in person and presented oral argument and other evidence on the record. The Debtor appeared in person and by Counsel and presented testimony, oral argument and other evidence on the record. On consideration of the record as a whole, the Court announced certain determinations and orders from the bench.

The Debtor commenced this case by filing a petition for relief under Chapter 13 on August 18, 1994. On the Schedule C in the Chapter 13 case, the Debtor claimed a homestead exemption under Section 513.475 Revised Statutes of Missouri, 1994 ("RSMO") in certain real estate titled to the Debtor and his non-debtor spouse. A second amended Chapter 13 repayment plan was confirmed by an Order dated January 17, 1996.

On February 10, 1999, the Debtor filed a motion to convert the Chapter 13 case to a case under Chapter 7. The pleading was not entered immediately however, because the Debtor failed to pay the fee required for conversion. After the fees were paid on March 9, 1999, the Court entered an Order dated March 15, 1999, that granted the Debtor's motion to convert. In the Chapter 7 Schedule C, the Debtor claimed a homestead exemption in the same real property that was claimed as exempt in the Chapter 13 case.

The evidence has established that for approximately one year prior to the date of this hearing, the Debtor did not reside in the real property claimed as exempt; and that the Debtor did not reside in this real property at the time of the hearing in this matter. During the pendency of the

Chapter 13 case, the Debtor and his non-debtor spouse experienced marital difficulties that resulted in a "Stipulation of Parties" order dated March 3, 1999. **Debtor's Exhibit No. 1.** The Stipulation was signed by a Commissioner of the Family Court Division of the Circuit Court of St. Charles County, Missouri. In the Stipulation, the Debtor and his non-debtor spouse agreed that, "The home shall be listed for sale and sold at a price agreed to by the parties. Closing shall be not before the end of the current Chapter 13 plan. The Chapter 13 is expected to end in January 2000 and shall not be extended." **Debtor's Exhibit No. 1, ¶ 8.** By agreement, the Debtor's spouse was entitled to occupy the home until ten days after the end of the semester; and the Debtor was entitled to occupy the home thereafter until it was sold. Although the Debtor testified that when he entered into the agreed Stipulation, he intended to complete his payments under the Chapter 13 plan, the record reflects that approximately three weeks prior to the date of the Stipulation, he had attempted to file the motion to convert the Chapter 13 case to a Chapter 7 case. The Debtor testified further that he intended to use the real property as his homestead until such time as repairs could be made and the property sold as agreed in the dissolution proceeding. According to the information presented at this hearing, it appears that there would be no equity in the value of the Debtor's interest in this real property that would be available to the Debtor's creditors in the Chapter 7 case if the homestead exemption is allowed.

The Debtor's interest in the real property was property of the Chapter 13 estate when the original petition was filed on August 18, 1994. No objection was presented to the Debtor's claim of a homestead exemption in the Chapter 13 case.

■ The Eighth Circuit has held that it is the date of conversion from a Chapter 13 case to a Chapter 7 case that determines what exemptions a debtor may be allowed in the converted Chapter 7 case. *In re Lindberg,* 735 F.2d 1087 (8th Cir. 1984). The *Lindberg* opinion was entered prior to the 1994 amendments to Section 348. These amendments limited property of the converted Chapter 7 case to that property of the estate as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion. 11 U.S.C. § 348(f)(1)(A). The amendments provided further that valuations of property and of allowed secured claims shall apply in the converted case. 11 U.S.C. § 348(f)(1)(B). The *Lindberg* decision was based in part on the possibility that a debtor in a case converted from Chapter 13 to Chapter 7 would be unable to claim an exemption in property acquired during the pendency of the Chapter 13 case if exemptions were determined as of the petition date. Section 348(1)(A) of the amended statute was intended to remove that possibility in cases filed after the effective date of the 1994 amendments. · At least two courts have decided that so much of the Eighth Circuit's opinion that fixed the conversion date as the exemption date has been superseded by the 1994 amendments. *See Matter of Baker,* 154 F.3d 534 (5th Cir.1998); *In re Ferretti,* 230 B.R. 883 (Bankr.S.D.Fla.1999).

■ Although no Court sitting in an Eighth Circuit matter has yet published an opinion that determined that the *Lindberg* decision no longer controls the date of exemptions in a case converted from Chapter 13 to Chapter 7, it is virtually assured that such a conclusion will result. In the matter being considered here, however, that specific question is not ripe for determination because this case was filed on August 18, 1994, approximately six weeks before the effective date of the 1994 amendments. The decision in this case therefore, is controlled by the *Lindberg* opinion, and the Debtor's exemptions are to be determined as of the date of conversion from Chapter 13 to Chapter 7.

■ In a Chapter 13 case, property of the Chapter 13 estate consists of the property specified in section 541 and all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under Chapter 7, 11, or 12 of Title 11; and earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under Chapter 7, 11, or 12. 11 U.S.C. § 1306(a). Furthermore, except as may be provided in a confirmed plan or in an order confirming a plan, a Chapter 13 debtor shall remain in possession of all property of the estate. 11 U.S.C. § 1306(b). According to the law in the Eighth Circuit that was applicable here on the date of the commencement of this case, upon conversion of a Chapter 13 case to a case under Chapter 7, ". . . . the property of the estate consists of all property in which the debtor has an interest on the date of conversion." *Lindberg,* at 1090. In the matter being considered here, the property of the Chapter 7 estate included the Debtor's interest in the real property as it existed on the date of conversion, at the value as it existed on the date of conversion, and subject the Debtor's claim of exemption to the extent of the Debtor's standing and ability to claim an exemption as of the date of conversion.

■ An individual debtor may exempt from *property of the estate,* certain property listed in the Federal or State exemption statutes. 11 U.S.C. § 522(b). A debtor in a Chapter 13 case may claim property as exempt from the bankruptcy estate if for no practical reason other than to assist in the determination of feasibility of the proposed plan. 11 U.S.C. §§ 103(a) and 1325. Similarly, a debtor in a Chapter 7 case may claim property as exempt from further administration in the bankruptcy estate.

In the circumstances presented here, as of the date of filing the original Chapter 13 petition, the Debtor held an interest in real property with his non-debtor spouse as tenants by the entirety. In the Chapter 13 Schedules filed as required by Rule 1007(b), the Debtor claimed a homestead exemption in his interest in the real property under section 513.475, Revised Statutes of Missouri. In part, Section 513.475 provides that a debtor may exempt from attachment and execution a dwelling house "which is or shall be used by such person as a homestead". Section 513.475(1) (RSMO 1994). No objection was filed and, to the extent recognized in a Chapter 13 case, the exemption was allowed. 11 U.S.C. § 522(*l*). The Debtor's Schedule A in the Chapter 13 case indicated that the total fair market value of the real property was $89,000.00.

■ In response to the Court's order of conversion dated March 15, 1999, the Debtor filed Chapter 7 Schedules and a Statement of Affairs on March 31, 1999. Rule 1019, Federal Rules of Bankruptcy Procedure ("FRBP"). On Schedule C in the Chapter 7 case, the Debtor claimed a homestead exemption in the same real property, listing the current market value without deducting exemptions as $108,-800.00. The Court finds and concludes however, that as of the date of conversion to Chapter 7, the Debtor was not entitled to claim the homestead exemption in this real estate because it was not used as his homestead and was not to be used as his homestead, but rather was to be repaired and sold as agreed to in the dissolution proceeding. The Debtor had not lived in the real estate for approximately one year prior to the date of conversion, and nothing in the record indicates that he intended to establish a homestead there. The Debtor's marriage was being dissolved, and the property was to be sold. Section 513.435.1 (RSMO). The Trustee has established that the Debtor is not entitled to the homestead exemption in the real property.

This same determination would be made even if this case were subject to the 1994 amendments to Section 348, because Congress recognized that under certain cir-

cumstances, property of the converted Chapter 7 estate should include property acquired after the commencement of the Chapter 13 case.

> If the debtor converts a case under chapter 13 of this title to a case under another chapter under this title in bad faith, the property in the converted case shall consist of the property of the estate as of the date of conversion.

11 U.S.C. § 348(f)(2).

 On consideration of the entire record in this matter, the Court further finds and concludes that the conversion of this case from Chapter 13 to Chapter 7 was in bad faith. A review of the record indicates that the Chapter 13 Petition was filed on August 18, 1994; the Debtor's Second Amended Plan was confirmed on January 17, 1995; the Debtor experienced difficulty in making house payments outside the plan as exhibited in a motion for relief from the stay filed on October 26, 1996 (the motion was eventually withdrawn); a second motion for relief from the stay was filed on July 1, 1998, alleging a failure to make payments outside the plan; and that the Debtor entered into a stipulation for payment of the mortgage note on July 31, 1998.

On March 2, 1999, the Debtor was granted relief from the stay to continue the proceeding to dissolve his marriage. On March 3, 1999, the Bankruptcy Court entered a separate order that granted relief from the stay to the mortgagee because the Debtor had failed to make the mortgage payments as agreed in the earlier stipulation. Also on March 3, 1999, the Debtor executed the Stipulation in the state court, stating that the Chapter 13 Plan was expected to end in January, 2000. The Debtor executed this Stipulation with the knowledge that he had not made payments to the holder of the deed of trust on the real property, and with the knowledge that he had filed a motion to convert the Chapter 13 case to a Chapter 7 case on February 10, 1999, and that the Order of Conversion would have been entered but

for the fact that the required filing fee had not been paid. Conversion of the case does not appear to have been a bankruptcy decision, but rather an act that was intended to affect the non-bankruptcy dissolution proceeding. In these circumstances, the conversion was in bad faith, and the Debtor's full interest in the real property as of the date of conversion would become property of the estate. For the reasons set out above, the Debtor would then not be entitled to claim a homestead exemption in the property.

**IT IS ORDERED** that this matter is concluded; and that the Chapter 7 Trustee's objection to the Debtor's claim of exemption in certain real property is sustained; and that the Debtor's claim of a homestead exemption in said property is not allowed; and that the Trustee is to continue his administration of the real property described by the Parties in this matter; and that all other requests are denied.