**In re Charles BOOTH and Nancy Belle Booth, Debtors.**

No. 01–01524–8W3.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 7, 2001.

Michael Barnett, Tampa, FL, for debtors.

Terry E. Smith, Bradenton, FL, Chapter 13 Trustee.

### MEMORANDUM OPINION ON PRE–CONFIRMATION ORDER PROVISION EXTENDING TIME TO FILE OBJECTIONS TO CLAIM OF EXEMPTIONS

MICHAEL G. WILLIAMSON, Bankruptcy Judge.

THIS CASE came before the court for consideration and entry of an order requiring payments to the Chapter 13 Standing Trustee, Terry E. Smith ("Chapter 13 Trustee"), requiring the filing of tax returns, and setting deadlines to file certain motions and objections ("Pre–Confirmation Order") (Doc. No. 5).

The Pre–Confirmation Order deals with, *inter alia,* the time in which to file objections to the Debtors' claim of exemptions by inclusion of a paragraph which provides:

6. *Extension of time to file objections to claim of exemptions.* The court hereby extends the time for a trustee or any creditor to file objections to the list of property claimed as exempt. Such parties may file these objections within 30 days after (a) the conclusion of the meeting of creditors to be held pursuant to F.R.B.P. 1019 and 2003(a) after any conversion of this case to a case under Chapter 7 or Chapter 11 or (b) the filing of any amendment to the list or supplemental schedules, whichever is later, unless, within such period, further time is granted by the court.

("Paragraph 6").

Arguably there is no need for Paragraph 6. That is, there is substantial and well reasoned support for the proposition that following conversion to a Chapter 7 case, the 30–day period for objecting to exemptions as set forth in Fed.R.Bankr.P. 4003(b) begins to run anew from the conclusion of the first meeting of creditors in the converted case. *See, e.g., Weissman v. Carr (In re Weissman),* 173 B.R. 235 (M.D.Fla.1994) (Kovachevich, D.J.) *aff'g In re Weissman,* 166 B.R. 972 (Bankr. M.D.Fla.1994) (Paskay, B.J.); *In re Bergen,* 163 B.R. 377 (Bankr.M.D.Fla.1994) (Baynes, B.J.). Persuasive as these cases may be, however, none of them is binding Eleventh Circuit precedent.

On the other hand, there is also authority to the contrary—holding that conversion of a case to Chapter 7 does not create a new period to object to the debtor's previously claimed exemptions. *See, e.g., In re Bell,* 225 F.3d 203 (2d Cir.2000); *In re Ferretti,* 230 B.R. 883 (Bankr.S.D.Fla. 1999). Under these contrary authorities, if the Chapter 13 Trustee or creditors do not object to the debtor's claim of exemptions during the 30 day period following the first meeting in the Chapter 13 case, the debtor will be allowed all claimed exemptions including those for which there is no legal basis. *Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280, 26 C.B.C.2d 487 (1992).

This problem is compounded by the practical reality that "[s]eldom do creditors scrutinize exemptions claimed by the debtor in a Chapter 13" case. *In re Weissman,* 173 B.R. at 236. This is because in a Chapter 13 case the debtor's right to exemptions is only relevant in determining whether or not the debtor's plan meets the requirements of Bankruptcy Code

§ 1325(a)(4)—which requires that creditors will receive at least as much under the plan proposed by the debtor as they would receive under Chapter 7. *In re Weissman,* 166 B.R. at 973. Accordingly, "as a general proposition, the debtor's right to exemptions claimed is academic in a Chapter 13 case, and the standing trustees in Chapter 13 cases seldom, if ever, pay any attention to claim of exemptions set forth in a debtor's schedules." *Id.*

In addition, in a converted case, "there may be new creditors resulting from the administration of a Chapter 11, 12, or 13 case." *In the Matter of Bergen,* 163 B.R. at 379. If the time is not extended to permit objections following the first meeting in the converted case, then these new creditors would have been deprived of the opportunity to object to the debtor's claimed exemptions. *Id.*

While debtors may view themselves as adversely impacted by the delay in obtaining a final determination with respect to their claim of exemptions, the prospect of this "inconvenience to the debtor in this regard is greatly outweighed by enhancing the integrity of the bankruptcy system and the interests of creditors in affording the Chapter 7 trustee the opportunity to object: to exemptions." *In re Havanec,* 175 B.R. 920, 924 (Bankr.N.D.Ohio 1994).

Accordingly, because of the uncertainty in the case law and the substantial potential for abuse which exists, this court believes that it is appropriate to enter an order setting out explicitly the time period for any objection to exemptions in the event this case converts to one under Chapter 7. In doing so, however, the court must also consider the impact on the recent amendment to Fed.R.Bankr.P. 4003 on the ability of this court to *sua sponte* enter the Pre–Confirmation Order containing Paragraph 6.

Specifically, effective December 1, 2000, Fed.R.Bankr.P. 4003 was amended as follows:

(b) **Objections to a Claim of Exemptions.** ~~The trustee or any creditor may file objections~~ *A party in interest may file an objection* to the list of property claimed as exempt within 30 days after ~~the conclusion of~~ the meeting of creditors held ~~pursuant to Rule 2003(a)~~ *under § 341(a) is concluded* or ~~the filing of~~ *within 30 days after* any amendment to the list or supplemental schedules ~~unless, within such period, further time is granted by the court~~ *is filed, whichever is later. The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension.*

As can be seen, the rule was amended to permit the court to grant a timely request for an extension of time to file objections to the list of claimed exemptions, whether the court rules on the request before or after the expiration of the 30–day period to do so. According to the 2000 Advisory Committee Note to Rule 4003, "The purpose of this amendment is to avoid the harshness of the present rule which has been construed to deprive a bankruptcy court of jurisdiction to grant a timely request for an extension if the court has failed to rule on the request within the 30–day period."

■ Fed.R.Bankr.P. 9006(b)(3) provides that a court may enlarge the time for taking action under Fed.R.Bankr.P. 4003(b) "only to the extent and under the conditions stated" in Rule 4003. As a result of the amendment, the rule now contains the new requirement that an extension be granted only "for cause." Accordingly, this court must consider whether cause exists to include Paragraph 6 in the Pre–Confirmation Order.

■ In addition, the amendment also broadens the category of objecting parties from the "trustee or any creditor" to a "party in interest" and specifically provides that it is a "party in interest" who may make a request for an extension of

the period to object to exemptions. Accordingly, the question before the court is whether the reference to "party in interest" in Fed.R.Bankr.P. 4003 (as recently amended) precludes the court from *sua sponte* granting an extension by including Paragraph 6 in the Pre–Confirmation Order.

Fortunately, the Bankruptcy Code provides explicit guidance in dealing with this issue. That is, the second sentence of Bankruptcy Code § 105(a), provides: [1]

> No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

Accordingly, the court finds that the language referring to a request filed by a "party in interest" does not limit this court from extending the time in the absence of such a request. *Cf.* Collier on Bankruptcy (15th ed.), ¶ 1009.04, at 1009–6.[2] This court may *sua sponte* extend this deadline.

■ The court also finds that cause exists to extend the deadline in a Chapter 13 in order to provide parties in interest, including a Chapter 7 trustee, the opportunity to review and object to a debtor's claim of exemptions following conversion to prevent the potential abuses which otherwise occur absent such an extension.

Accordingly, for the reasons set forth above, the court has entered the Pre–Con-firmation Order including the provisions of Paragraph 6.

---

**1.** This sentence was added to Bankruptcy Code § 105(a) by the Bankruptcy Judges, United States Trustee, and Family Farmer Bankruptcy Act of 1986. Pub.L. No. 99–554.

**2.** The discussion in Collier deals with the analogous language contained in Fed. R.Bankr.Proc. 1009, which permits the court to order an amendment to the debtor's sched-ules "on motion of a party in interest." Fed. R.Bankr.Proc. 1009 also eliminated the provision of former Bankruptcy Rule 109, which permitted the court to order amendments *sua sponte*. Collier cites the second sentence in Bankruptcy Code § 105(a) as supporting the interpretation that the court may order an amendment without such a motion.