In re Melvin Beecher CUMMINS and Louise Olivia Cummins, Debtor.

James A. FRANKFURTH dba The Wizard Group, Plaintiff-Appellant,

v.

Melvin Beecher CUMMINS and Louise Olivia Cummins, Defendants-Appellees.

BAP No. CC–81–1038–VGH.
Bankruptcy No. SA 80–01682 PE.
Adv. No. SA 80–0860.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

May 13, 1982.

## ORDER

Before VOLINN, GEORGE and HUGHES, Bankruptcy Judges.

The Cummins, appellees herein, filed a timely motion for rehearing. They urge this court to reconsider its decision, 15 B.R. 893, and assert that the panel assumed disputed facts as admitted and relied upon matters outside the record. We deny the motion.

## I.

Shortly after the outset of trial, the trial court concluded that the case should be disposed of on a legal issue and entered judgment in favor of the debtor, Cummins. The trial court reached this decision by holding, as a matter of law, that a realtor was a professional person under § 327(b). Therefore, he reasoned, having failed to receive court approval of his employment, as required by § 327(b), Frankfurth was not entitled to a fee, assuming the validity of two exclusive listing agreements between himself and the debtor. The trial court further found that a nunc pro tunc order approving Frankfurth's employment was not justified because the purchasers of the real estate were not produced by any effort of Frankfurth. 8 B.R. 701.

This court based its considerations on the facts hypothesized or assumed by the trial court. The full range of facts, including those now presented for consideration by appellee, was not considered by the trial court prior to termination of the trial as it ruled in favor of the debtor on a purely legal ground. The factual statements made by this court were consistent with the stated assumptions of the trial court. Since the trial court did not reach the issues as to enforcement of the listing agreements, no disputed factual determinations were or could have been made relative thereto. To the extent that such matters are subject to contest, the trial court may on remand, consider them and other factual issues raised by the parties in their pleadings.

## II.

The more important issue raised by Cummins involves consideration by this court of the post-appeal dismissal of the bankruptcy petition. The fact of the voluntary dismissal constituted the basis for this panel's decision. The dismissal, as previously stated, effectively neutralized the policy underlying § 327(b) or basis for its application. Present application on the record before us would serve no intended beneficiary and could cause unjustifiable injury to a third party.

■ Ordinarily an appellate court should base its decision on the facts as they existed at the time the trial court made its decision. However, the on-going nature of bankruptcy proceedings, on occasion, creates situations where the reviewing court may take notice of fundamental events occurring after the entry of the judgment from which appeal was taken. Many appeals, such as the one in the instant case, arise from final judgments in adversary cases prosecuted in the context of an underlying bankruptcy. Post-appeal change in the essential character or existence of the underlying bankruptcy may require remand in order that the judgment be consistent with the underlying bankruptcy case. This is particularly so where the judgment is of an administrative nature which is dependent on the bankruptcy character of the case.

■ An appellate court may, in extraordinary circumstances, "take judicial notice of developments in case on appeal which have occurred in the district court after the appeal was filed." *Samuel v. University of Pittsburgh*, 506 F.2d 355, 360 n.12 (3rd Cir. 1974). In *Landy v. Federal Deposit Ins. Corp.*, 486 F.2d 139 (3rd Cir. 1973) the court took judicial notice of a complaint filed by the FDIC after a decision had been appealed. The court stated that taking judicial notice of a particularly salient post-appeal development is similar to taking judicial notice "of developments not of record subsequent to a lower court decision in the application of the mootness doctrine of appellate courts." *Landy, supra* at 151. In *Johnson v. New York State Education Dept.*, 409 U.S. 75, 93 S.Ct. 259, 34 L.Ed.2d 290 (1972) for example, the Court, acting on information brought to its attention by the respondents in their briefs and during argument, remanded the case to the trial court so that the trial court could determine whether the case was moot.

The Ninth Circuit has also ruled that, in the interest of justice, judicial notice may be taken of developments occurring after the appeal has been taken if formally brought to the attention of the reviewing

court by the parties. *Bryant v. Carleson*, 444 F.2d 353, 358 (9th Cir.), *cert. den.* 404 U.S. 967, 92 S.Ct. 344, 30 L.Ed.2d 287 (1971).

In the instant case, this court learned that the trial court granted the Cummins' motion to dismiss the insolvency proceedings during a telephonic hearing on the appellant's motion for an emergency stay pending appeal and again during oral argument on September 12, 1981. The appellee does not contend that the bankruptcy was not dismissed on his motion; he simply asserts that this court cannot consider the fact since it occurred after the decision from which the appeal was taken.

In the interests of justice and judicial economy, this court took notice of the fact that the Cummins voluntarily dismissed their bankruptcy, thereby coming to the conclusion previously stated. On reconsideration, we are of the view that this panel appropriately remanded the case to the trial court. On remand it may determine whether the listing agreements are enforceable as if there had been no bankruptcy.