**In re H.B. HALBERT, Jr., M.D., Debtor.**

**Bankruptcy No. 90–61152–LK.**

United States Bankruptcy Court,
W.D. Texas,
Waco Division.

Oct. 23, 1992.

David C. Alford, Alford & Gassaway, P.C., Waco, Tex., for debtor.

John Montez, Waco, Tex., for trustee.

Stanley Wright, Arlington, Tex., trustee.

## MEMORANDUM OPINION

LARRY E. KELLY, Chief Judge.

Pending before this court are two objections to an exemption claimed by the Debtor, Dr. H.B. Halbert ("Dr. H.B. Halbert"). The objections were first raised after this case was converted from a Chapter 11 to a Chapter 7 proceeding and without the Debtor ever having amended his schedule of claimed exemptions. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B). The following memorandum opinion includes this court's Findings of Fact and Conclusions of Law under Bankruptcy Rule 7052.

## INTRODUCTION

This Debtor's history in bankruptcy bears a short review. He first filed a voluntary petition under Chapter 11 on or about October 21, 1987, in case number 87–60932 ("first bankruptcy case").

In the first bankruptcy case, Mr. Greg Hall was not a listed creditor, although he sought to file a Plan of Reorganization in which he was to acquire substantially all of the estate's assets which were to be paid for over time. That Plan was rejected by this court and the Chapter 11 was ultimately dismissed by order dated June 13, 1990.

After dismissal, Mr. Hall acquired several claims against the Debtor and on October 12, 1990 he, along with several other creditors, initiated an involuntary petition in Chapter 7 against Dr. Halbert. An order for relief was entered on January 15, 1991. The Debtor immediately converted this case to a Chapter 11 on or about January 28, 1991 and after receiving an extension of time, the Debtor filed his schedules on February 25, 1991.

The Debtor did not attend the first meeting of creditors as originally scheduled, however, and it was not finally held and concluded until August 23, 1991. Because of the Debtor's failure to attend, the U.S. Trustee had filed a Motion To Dismiss or Convert this case which resulted in an agreed order compelling the Debtor to appear, to have sold a certain asset by October 1, 1991, and to have his Chapter 11 Plan of Reorganization confirmed no later than December 31, 1991. If any of the three hurdles in the Trustee's order were missed, the case was to be converted to a Chapter 7.

During the proceedings in Chapter 11, Mr. Hall filed a number of proceedings:

(a) On February 3, 1991, he filed a Motion To Reconvert to Chapter 7 or alternatively to appoint a trustee in the Chapter 11;

(b) on April 4, 1991, he objected to the Debtor's choice of counsel when an Application to Authorize Employment was filed;

(c) on March 19, 1992, he filed a motion to have the court appoint an attorney to bring preference actions on behalf of the estate;

(d) on November 14, 1991, he filed a motion to compel marshalling of certain assets on which Planters and Merchants Bank had a lien,

(e) on November 18, 1991, he filed another motion to convert this case back to Chapter 7, the first one having been denied, and

(f) on December 6, 1991, for the first time, he filed an objection to the Debtor's claimed exemption of an IRA account which is held by the Planters and Merchants Bank.

This case was ultimately reconverted to Chapter 7 on or about December 6, 1991, and a new creditors meeting was scheduled for January 16, 1992.

On January 14, 1992, the newly appointed Chapter 7 trustee objected to the Debtor's claimed exemption of the IRA and on January 17, 1992, Mr. Hall amended his objection to the IRA. The Debtor never amended his original exemption schedules in this case.

## QUESTIONS PRESENTED

Whether, in a case converted from Chapter 11 to Chapter 7, the appointed trustee in the Chapter 7 case or any other creditor may object to the claim of exemptions originally filed in the Chapter 11 case and not amended by the Debtor in the Chapter 7 case? If this question is answered in the affirmative, the second question presented is whether or not the Debtor is entitled to claim the IRA under the facts of this case?

## STIPULATIONS AND UNDISPUTED FACTS

At the hearing on the merits, the parties presented the court with a written set of stipulations marked and admitted as Plaintiff's Exhibit No. 1. The stipulations were submitted to the court to be considered in this objection to exemptions as well as in related matters. The stipulations were as follows:

1. At the time this case was filed, Debtor owned two (2) certificate of deposit accounts at the bank. The larger of these accounts is the account in dispute (the "I.R.A. Account").

2. Debtor claimed the I.R.A. Account as exempt in his schedules filed in the Chapter 11 part of this case. No objections to such

claim of exemption were filed within thirty (30) days after the conclusion of the meeting of creditors held in the Chapter 11 part of this case. Objections to the I.R.A. exemption have been filed in this Chapter 7 case involving H.B. Halbert.

3. On May 14, 1987, and at various times since 1984, Debtor signed and delivered to the bank a document styled "Security Agreement", a true copy of which is attached as Exhibit 1. The I.R.A. Account is one of the certificates of deposit described in the "security agreement". (Exhibit 1 was attached to the written stipulations, it is not attached to this opinion.)

4. At the time the "security agreement" (Exhibit 1) was signed and delivered, the bank was actually in possession of the I.R.A. Account.

5. From and after May 14, 1987, the bank has been in continuous possession of the I.R.A. Account. All interest earned on the I.R.A. Account has been rolled into the I.R.A. Account, and there have been no withdrawals from the I.R.A. Account.

6. Debtor has never shown any distribution from the I.R.A. Account on any income tax return.

The facts stipulated to are considered by this court in its analysis of the issue at hand. The other facts recited in the introduction of this Memorandum Opinion were also not disputed. Key facts are that that Debtor properly filed schedules in the Chapter 11 case in which he claimed the I.R.A. to be exempt, no party in interest objected to the claimed exemptions within thirty days after the conclusion of the first meeting of creditors, the Debtor's exemption claim was never amended even after conversion, and the newly appointed Chapter 7 trustee and the creditor, Mr. Hall, each filed an objection to the Debtor's ex-

emption claim prior to thirty days after the conclusion of the meeting of creditors held in the Chapter 7 portion of this case.

## DISCUSSION

To answer the first question it is necessary to work through several different provisions of the Bankruptcy Code and of the Bankruptcy Rules.

■ 1. Commencement of a case by the filing of a voluntary petition pursuant to Code § 301 constitutes an order for relief. An involuntary petition is also commenced by the filing of a petition, but the order for relief is not entered until the court so orders. See Code § 303(h).

2. Different events within a bankruptcy case are measured from the petition date, or the commencement date, or the date of the order for relief. For example,

(a) the petition date triggers the automatic stay in any case and the date by which schedules must be filed in a voluntary case. See Code § 362(a), Code § 521, Rule 1007(a) and (c).

(b) the date of the commencement of a case is the date that the bankruptcy estate is created pursuant to Code § 541 and is also the date that the trustee obtains avoidance powers under Code § 544; and

(c) the date of the order for relief is important for determining when schedules are due in an involuntary petition case and meetings of creditors are held between twenty and forty days after the order for relief. See Code § 341(a), Rule 2003(a).

■ 3. In determining the effect of conversion from Chapter 11 to Chapter 7 one first starts with Code § 348.[1] Although conversion constitutes an order for relief, the effective date of the order for relief is not changed from the original date. Thus,

---

1. In relevant part Code § 348 provides:
   (a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

(b) Unless the court for cause orders otherwise, in sections 701(a), 727(a)(10), 727(b), 728(a), 728(b), 1102(a), 1110(a)(1), 1121(b), 1121(c), 1141(d)(4), 1146(a), 1146(b), 1301(a), 1305(a), 1201(a), 1221, and 1228(a), of this title, "the order for relief under this chapter" in a chapter to which a case has been converted under section 706, 1112, 1307, or 1208 of this title means the conversion of such case to such chapter.

in a voluntary case, it remains the same as the petition date and in an involuntary case, it remains the date on which the court originally granted the order for relief.

■ 4. The trustee and objecting creditors argue that upon conversion a new creditor's meeting is scheduled and therefore Rule 2003 mandates a new objection period. They do not dispute the fact that in the Chapter 11, no creditor interposed any objection to the Debtor's exemption claim within this same thirty-day period.

5. In *Taylor v. Freeland & Kronz,* —— U.S. ——, ——, 112 S.Ct. 1644, 1647, 118 L.Ed.2d 280 (1992), the Supreme Court ruled that where timely objection was not made, a trustee could not thereafter interpose an objection to the Debtor's claimed exemptions. This conclusion applies even if the Debtor had no colorable basis for claiming the exemption. The Supreme Court rejected the Trustee's arguments to the contrary stating that § 522(*l*) says:

> " 'unless a party in interest objects, the *property claimed as exempt on such list is exempt* '. Rule 4003(b) gives the trustee and creditors thirty days from the initial creditor's meeting to object. By negative implication the Rule indicates that creditors may not object after thirty days 'unless within such period, further time is. granted by the court'. The bankruptcy court did not extend the thirty-day period. *Code § 522(1) therefore has made the property exempt.*" (emphasis added)

The reference by the Supreme Court to extension of time to object appears to be a reference to Bankruptcy Rule 9006(b). That Rule provides for enlargement of time periods required in other provisions of the Rules, but 9006(b)(3) states that enlargement is limited. The specific language is "the court may enlarge the time for taking action under Rules ... 4003(b) ... *only to the extent and under the conditions stated in those ` rules.*" (emphasis added). Bankruptcy Rule 4003(b) allows enlargement only if a request is made within the thirty-day period for an extension of time and this request is granted by the court.

No such request was made in this case during the Chapter 11 proceedings.

6. Although the Supreme Court was not dealing with a Chapter 7 which resulted after conversion of a Chapter 11 case, its analysis of the applicable Code sections and Rules apply. Code § 522(*l*) is made applicable to all chapters pursuant to Code § 103 and Bankruptcy Rule 4003 clearly applies to Code § 522(*l*).

7. Logic dictates that objections at a later point in time after conversion are of no effect. When the case is originally commenced, the bankruptcy estate is created. See Code § 541. By claiming exemptions, the Debtor is seeking to remove from the bankruptcy estate certain property. Before this property can be distributed out of the estate, Rule 4003 affords the trustee or any creditor the right to object. *Taylor,* —— U.S. at ——, 112 S.Ct. at 1646. If a timely objection is not made, then § 522(*l*) exempts the property. *Taylor,* —— U.S. at ——, 112 S.Ct. at 1647.

■ 8. Once the property is exempted, it is no longer any part of the property of the estate and it "revests" in the Debtor. See *In re Robertson,* 105 B.R. 440, 446 (Bankr.N.D.Ill.1989) ("the effect of the automatic allowance of a claim of exemption due to the expiration of the 30–day period is, under well-settled case law, to 'revest' the property in the Debtor and end its status as 'property of the estate' ") citing *In re Grossman,* 80 B.R. 311, 314 (Bankr. E.D.Penn.1987); *In re Hahn,* 60 B.R. 69, 73 (Bankr.D.Minn.1986) ("once a debtor's claim of exemption to property has been allowed by the running of ·the period for objection to the claim of exemptions under Bankruptcy Rule 4003(b), the property revests in the Debtor and is no longer property of the estate."); *In re Kretzer,* 48 B.R. 585, 587 (Bankr.D.Nev.1985) ("Unless a party in interest timely objects, property claimed as exempt is exempted from the bankruptcy estate.... [P]roperty exempted from the estate revests in the debtor."); *Matter of Wiesner,* 39 B.R. 963, 965 (Bankr.W.D.Wis.1984) ("Once property is exempted from the estate it revests in the Debtor, and is no longer part of the es-

tate.... [T]he cars in question became property of the debtor after the ... period of objection to exemptions expired."); *In re Berry*, 11 B.R. 886, 890 (Bankr.W.D.Penn. 1981) ("[I]f property is claimed as exempt initially it becomes property of the estate, but revests in the debtor upon failure by any party to object to the exemption within a specified period of time"); *In re Cruse-turner*, 8 B.R. 581, 590 (Bankr.D.Utah 1981).

9. It does not appear to avail any purpose for the trustee to point out that he was not involved during the Chapter 11 proceedings and to argue that his first opportunity to object arose only after conversion at the time of his appointment in the Chapter 7 proceedings. The creditors that he represents were each given an opportunity to object in the Chapter 11 case. To give the trustee an opportunity to object would in effect give those same creditors a second chance to object and that is a right to which they are not entitled. *Taylor*, supra; also see *In re Lane*, 1988 W.L. 236532 (Bankr.W.D.Okla.1988).

10. If the property has already been removed from the estate at some distant point in the past, a current objection in the Chapter 7 would not appear to be a proceeding which would "recover" the property.

11. The only argument really raised by these parties is that there was in fact a second creditor's meeting held and that Rule 4003(b) provides that objections may be filed "... within thirty days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) ...". They also indicate that the notice in the Chapter 7 indicates that a new thirty-day period has been established. As already shown, Bankruptcy Rule 9006(b) does not allow for enlargement of the original thirty-day period unless timely request was made and ordered by the court and those are not the facts of this case. As such, the notice, even if it were a court order attempting to establish the time period would be of no avail.[2] Since Code § 348 provides that the date of the order for relief does not change and since Rule 2003(a) requires creditor's meetings to be held not later than 40 days thereafter, it seems apparent that the creditor's meeting in the converted Chapter 7 proceeding is not one which was required by Rule 2003(a). This court does believe that a creditor's meeting is called for however, but it is because of Code § 702 which entitles unsecured creditors to elect a trustee in Chapter 7 liquidation cases and not because of Rule 2003(a). See, *In re Richards*, 43 B.R. 554, 558 (Bankr.D.Minn. 1984); *In re Lane*, supra pg. 1.

## CONCLUSION

This court concludes that there is no new time period for objecting to the Debtor's claim of exemptions under the facts of this case merely because it has been converted to a Chapter 7 proceeding. Because this court does not answer the first question presented to it in the affirmative, it will not address the second question.

2. This court is aware of an opinion of one of our respected colleagues contrary to this assertion. *In re Wright*, 99 B.R. 339, 340 (Bankr. N.D.Tex., 1989). That court stated that "Although the Rule does not specifically mention a new time period for filing objections to exemptions, such a time period is appropriate. The court's order setting the meeting of creditors in the chapter 7 case established (date) as the new deadline for filing objections to exemptions." This is dicta in the opinion, however, since the court further noted that "the objections filed by (creditor) fell within the new deadline established by the court following the case's conversion to Chapter 7. *If there was any defect in that filing, it was remedied when the Debtor filed his third amended schedules, including claim of exemptions, on August 22, 1988.*" (emphasis added) This court has no quarrel that an amendment of exemptions affords a new thirty-day period of time in which to object. If the property was not previously removed from the bankruptcy estate it certainly is proper to object before it is removed by subsequent amendment. If it had previously been removed, the court is not aware of any impediment that would prevent a debtor from returning the property back to the estate by voluntary action.