**In re Wayne Edward BESHIRS, Eva Neil Beshirs, Debtors.**

**Bankruptcy No. 98–40792–7C.**

United States Bankruptcy Court, D. Kansas, Topeka Division.

June 14, 1999.

Phillip L. Turner, Attorney at Law, Topeka, KS, Stanley R. Ausemus, Attorney at Law, Emporia, KS, for debtors.

Joseph I. Wittman, Topeka, KS, trustee.

## MEMORANDUM OF DECISION

JAMES A. PUSATERI, Chief Judge.

This matter is before the Court on the chapter 7 trustee's objection to a tool of trade exemption claimed by one of the debtors. Trustee Joseph I. Wittman appears *pro se.* The debtors appear by counsel Phillip L. Turner and Stanley R. Ausemus. The Court has reviewed the relevant materials and is now ready to rule.

## FACTS

The facts are not in dispute. Debtor Wayne Edward Beshirs was a carpenter when the debtors filed a chapter 13 bankruptcy petition on March 30, 1998. In the bankruptcy schedules, the debtors claimed an exemption under K.S.A. 60–2304(e) for $5,000 worth of miscellaneous carpentry tools and equipment as tools of Mr. Beshirs's trade. The meeting of creditors required by 11 U.S.C.A. § 341(a) and Federal Rule of Bankruptcy Procedure 2003(a) was scheduled for May 7 and notice of the meeting was mailed to creditors. The meeting was held and concluded on that date. Neither the chapter 13 trustee nor any of the debtors' creditors objected to the tool of trade exemption in the time fixed by Bankruptcy Rule 4003(b), "within 30 days after the conclusion of the meeting of creditors."

Sometime after the debtors filed for bankruptcy, Mr. Beshirs was determined to be temporarily disabled and unable to work. The medical condition that disabled him still existed on February 12, 1999, when the debtors voluntarily converted their bankruptcy case to a chapter 7 liquidation. Whether this condition will persist into the foreseeable future is unknown. A chapter 7 trustee was appointed and another meeting of creditors was scheduled for March 15. The chapter 7 trustee objected to the tool of trade exemption because Mr. Beshirs was not able to work when the case was converted to chapter 7.

## ISSUE

Following conversion of a bankruptcy case from chapter 13 to chapter 7, are the debtors' exemptions determined by the date they filed their original petition or the date when the case was converted?

## DISCUSSION AND CONCLUSIONS

Filing a voluntary bankruptcy petition commences a bankruptcy case, 11 U.S.C.A. § 301, and creates an estate comprised of the property described in § 541(a). Pursuant to § 522, debtors are allowed to exempt property from that estate. Bankruptcy Rules 1007(c) and 4003(a) require debtors to list the property they claim as exempt within fifteen days of filing a voluntary bankruptcy petition; Rule 1009(a) allows exemption claims to be amended as a matter of course at any time before the case is closed. Unless the debtors later amend their exemption claims, their creditors and the trustee appointed in their case must assert any objections to the claimed exemptions within 30 days after the conclusion of the meeting of creditors. Bankruptcy Rule 4003(b). Any extension of that time must be obtained within the 30 days. Bankruptcy Rule 4003(b); *Clark v. Brayshaw (In re Brayshaw)*, 912 F.2d 1255, 1256–57 (10th Cir.1990). In the absence of a timely objection, the exemptions are effective even if there is no colorable basis for the exemption claim. § 522(1); *Taylor v. Freeland & Kronz*, 503 U.S. 638, 643–44, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).

In this case, the debtors claimed exemptions and no timely objection was filed during the chapter 13 phase of their case. The property was therefore exempt. After the debtors filed for bankruptcy and before they converted their case to chapter 7, Mr. Beshirs became temporarily disabled and unable to perform carpentry work. He was still disabled when they converted the case. Although it is not known whether his disability will persist into the foreseeable future, for purposes of this decision, the court will assume that it will.

The chapter 7 trustee claims that either: (1) he should be able to object to exemptions that were improvidently allowed during the chapter 13 phase of a case; or (2) the date the case was converted should be the date when qualification for exemptions is determined and a new objection time under Bankruptcy Rule 4003(b) should run from the conclusion of the new meeting of creditors scheduled after the case was converted to chapter 7. Section 348 of the Bankruptcy Code provides:

(a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

(b) Unless the court for cause orders otherwise, in sections 701(a), 727(a)(10), [and] 727(b) ... of this title, "the order for relief under this chapter" in a chapter to which a case has been converted under section ... 1307 of this title means the conversion of such case to such chapter.

(c) Sections 342 and 365(d) of this title apply in a case that has been converted under section ... 1307 of this title, as if the conversion order were the order for relief.

(d) A claim against the estate or the debtor that arises after the order for relief but before conversion in a case that is converted under section ... 1307 of this title, other than a claim specified in section 503(b) of this title, shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition.

(e) Conversion of a case under section ... 1307 of this title terminates the service of any trustee or examiner that is

serving in the case before such conversion.

(f)(1) Except as provided in paragraph (2), when a case under chapter 13 is converted to a case under another chapter under this title—

(A) property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion; and

(B) valuations of property and of allowed secured claims in the chapter 13 case shall apply in the converted case, with the allowed secured claims reduced to the extent they have been paid in accordance with the chapter 13 plan.

(2) If the debtor converts a case under chapter 13 of this title to a case under another chapter under this title in bad faith, the property of the converted case shall consist of the property of the estate as of the date of conversion.

Since § 522(b) permits debtors to exempt property from the estate that is created under § 541(a) by the commencement of the bankruptcy case, and § 348(a), (b), and (c) provide that conversion of the case does not effect a change in the date of the commencement of the case except for purposes of provisions other than § 522 and § 541, the Court is convinced that the conversion date cannot control the debtors' ability to claim exemptions. Prepetition creditors, of course, had the chance to object to the debtors' exemption claims while the case was in chapter 13 and cannot reasonably complain that they should be given another chance to object simply because the case has been converted to chapter 7. Following conversion of a case from chapter 13 to chapter 7, Congress has directed in § 348(d) that, except for administrative expenses allowed under § 503(b), postpetition, pre-conversion debts are to be treated as if they had arisen prepetition, and in § 348(f) that

debtors are generally permitted to retain property they acquired after filing their chapter 13 petitions. This scheme is complete, and nothing in it suggests that a chapter 7 trustee is entitled to a new time to object to the exemptions the debtors claimed at the outset of their chapter 13 case or that the debtors must amend their exemptions upon conversion of their case based on the facts that then exist.

Under somewhat different circumstances, the Tenth Circuit held that the law in effect on the date the debtor filed a chapter 13 bankruptcy, not the date the case was converted to chapter 7, controlled the availability of an exemption. *Marcus v. Zeman (In re Marcus)*, 1 F.3d 1050, 1051 (10th Cir.1993). Similarly, the facts that exist on the date of the chapter 13 filing should control the debtors' ability to claim exemptions. While some courts have apparently suggested that exemption claims are merely informational and not significant in chapter 13 cases, *see* 1 Keith M. Lundin, *Chapter 13 Bankruptcy* § 2.35 (2d ed. 1994 & 1997–98 Cum.Supp. at 107–16) (citing several cases to that effect, but arguing exemption claims are important in chapter 13), unsecured creditors and the chapter 13 trustee have an incentive to contest debtors' chapter 13 exemption claims because, under § 1325(a)(4), the creditors are entitled to be paid not less than the value of all unencumbered non-exempt property the debtors propose to retain under their plan; in effect, the debtors must pay their unsecured creditors for unencumbered non-exempt property. The trustee does not claim that Mr. Beshirs was not entitled to the tools of trade exemption when the debtors filed their chapter 13 petition, only that at the time of conversion, his ability to engage in the carpentry trade was in doubt.

The trustee does suggest that, if the chapter 13 trustee had had a valid basis for objecting to the exemption claim but simply failed to do so, the chapter 7 trustee should not be limited to a remedy against the chapter 13 trustee for breach

of fiduciary duty or negligence. He does not explain why this should be so, or why a remedy against the chapter 13 trustee would exist at all since the creditors had the same right that trustee did to object to the claimed exemptions. In any event, he would not have such a remedy in this case since the chapter 13 trustee did not have a valid basis for objecting to the exemption because Mr. Beshirs's ability to engage in the carpentry trade on the date of the chapter 13 filing has not been questioned. The questions now before the Court arose solely because Mr. Beshirs later became temporarily disabled from his trade and the case was converted to chapter 7 while he was disabled.

The trustee contends that the Court should follow the reasoning in *Armstrong v. Lindberg (In re Lindberg)*, 735 F.2d 1087 (8th Cir.1984), and conclude that the facts that exist on the date of conversion control the debtors' ability to claim exemptions. The Court believes, however, that the decision is not persuasive because some of its reasoning is questionable and the rest has been superseded by amendments to the Bankruptcy Code and Rules. In that case, the Eighth Circuit first conceded that § 348(a) and § 522(b)(2)(A) "do appear to suggest that the date of the chapter 13 petition controls" what exemptions the debtors could claim. 735 F.2d at 1088–89. Then the Circuit went on to state a number of reasons why that suggestion was not the law. First, it said exemptions serve the limited purposes in chapter 13 of permitting the creditors to determine whether the chapter 13 plan should be accepted, and enabling the court to determine whether the plan satisfies the requirement of § 1325(a)(4) that the unsecured creditors receive no less under the plan than they would in a chapter 7 liquidation. *Id.* at 1089. Chapter 13 debtors, it pointed out, retain their nonexempt property. *Id.* Unlike the Circuit, though, this Court believes exemptions serve essentially the same purpose in chapter 13 as in chapter 7: they determine what property the debtors can keep without paying its

value to the case trustee. In fact, chapter 13 debtors can turn nonexempt property over to the trustee for liquidation, *see* § 1322(b)(8), just as they must do in chapter 7, but simply have the added option (the one most often exercised) of paying the value of the property into their plan rather than turning it over. The Circuit found it significant that Bankruptcy Rules 1007 and 4003 at that time called for exemptions to be listed on Official Bankruptcy Form 6 in chapter 7 cases and Official Bankruptcy Form 10 in chapter 13 cases. *Id.* at 1090. The portions of these forms for listing exemptions, however, required essentially the same information about the exemption claims, *compare* Form 6, Schedule B–4 *with* Form 10, Question 14, *reprinted in Bankruptcy Rules, 1983 Collier Pamphlet Edition* at 246–48 (Matthew Bender & Co.1983), so this Court views the requirement at that time to use different forms for cases filed under chapter 7 and 13 not to have been significant even when *Lindberg* was decided. Furthermore, any importance that might have been attached to the difference no longer exists because the same form is now used to list exemptions for both chapters. *See* Official Bankruptcy Form 6, Schedule C, *reprinted in* the 1998–1999 edition of *Norton Bankruptcy Law and Practice 2d, Bankruptcy Rules* at 707 (West Group 1998). Next, the Circuit asserted that most bankruptcy courts had concluded that in a case converted from chapter 13 to chapter 7, the property of the estate was all property in which the debtor had an interest on the date of conversion, and reasoned that the same date must control what exemptions may be claimed so the debtor could make full use of the exemption laws. *Id.* at 1090. While this Court might have agreed with this view in the past, Congress amended § 348 in 1994 by adding subsection (f), reversing the premise of this portion of the Circuit's decision by making the estate in the converted case ordinarily consist of the property the debtors had when they filed their chapter 13 petition. *See* Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, § 311, 1994 U.S.C.C.A.N.

(108 Stat.) 4107, 4138. The Circuit also found support for its decision in Bankruptcy Rule 1019(1), which provides that in a case converted from chapter 13 to chapter 7, schedules filed while in chapter 13 are deemed filed in the chapter 7 but requires a debtor who had not filed schedules before conversion to file them "as if an order for relief had been entered on an involuntary petition on the date of the entry of the [conversion] order." *Id.* at 1090. The Circuit thought this meant the exemptions claimed in the schedules were to be based on the date of conversion. *Id.* at 1090–91. Like all the Bankruptcy Rules, however, Rule 1019(1) is merely a procedural rule, and this Court believes the quoted portion of the Rule was intended only to incorporate the time limits for filing schedules in an involuntary case, found in Bankruptcy Rule 1007, and not to affect the substantive question of the debtors' entitlement to exemptions. Finally, the Circuit stated that the equities supported its decision. *Id.* at 1091. Even if the equities did support a homestead change in the Circuit's case, no similar equitable concerns exist in this case since the debtors are not trying and, under the present scheme, have no reason to amend their exemptions. In sum, the *Lindberg* decision appears to this Court to have been flawed under the law in effect when it was issued, and has been further undermined by subsequent changes in the law. The Court will not follow it today.

For these reasons, the Court concludes the trustee's objection to the debtors' tool of trade exemption must be overruled.

The foregoing constitutes Findings of Fact and Conclusions of Law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure. A judgment based on this ruling will be entered on a separate document as required by FRBP 9021 and FRCP 58.