# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 99-6051MN

_____

In re:                                          *
                                                *
Larry Kenneth Alexander,                        *
                                                *
        Debtor.                                 *
                                                *
_____                 *
                                                *    Appeal from the United States
Larry Kenneth Alexander,                        *    Bankruptcy Court for the
                                                *    District of Minnesota
        Debtor - Appellant,                     *
                                                *
                v.                              *
                                                *
Mary Jo A. Jensen-Carter,                       *
                                                *
        Trustee - Appellee.                     *


_____

Submitted: August 27, 1999
Filed: October 21, 1999
_____

Before WILLIAM A. HILL, SCHERMER, and SCOTT, Bankruptcy Judges.
_____

WILLIAM A. HILL, Bankruptcy Judge.

   Debtor Larry Kenneth Alexander appeals from the bankruptcy court's[1] June 30, 1999,
order sustaining the chapter 7 trustee's objection to Alexander's claimed homestead

---

   [1]The Honorable Dennis D. O'Brien, Chief Judge, United States Bankruptcy Court for the
District of Minnesota.

exemption.[2]  We have jurisdiction over this appeal from the final order of the bankruptcy court.  See 28 U.S.C. § 158(b).  For the reasons set forth below, we affirm.

BACKGROUND

On June 18, 1998, debtor Larry Kenneth Alexander filed a chapter 13 bankruptcy petition which listed his address as 175 N. Lexington Parkway, St. Paul, Minnesota.  The debtor then filed Schedule C on July 6, 1998, claiming a homestead exemption for property located at 875 Laurel Avenue, St. Paul, Minnesota.  The chapter 13 trustee filed a timely objection to the debtor's homestead exemption, asserting that as the debtor was living at the Lexington Parkway residence at the time of petition filing, he could not claim the Laurel Avenue residence for a homestead exemption.  On November 30, 1998, an evidentiary hearing was held wherein the debtor admitted that at the time he filed his chapter 13 petition, he was living at the Lexington Parkway residence but that his family was living at the Laurel Avenue residence.  By an order dated December 3, 1998, the bankruptcy court sustained the chapter 13 trustee's objection and involuntarily converted the case to chapter 7.  At the time of conversion, the debtor was living at the Laurel Avenue residence.  The debtor appealed the bankruptcy court's order of December 3, 1998, to the district court, asserting, inter alia, that the bankruptcy court erred in (1) denying confirmation of the debtor's chapter 13 plan; (2) sustaining the chapter 13 trustee's objection to the debtor's homestead exemption; and (3) converting the case to chapter 7.  By an order dated August 4, 1999, the district court affirmed the bankruptcy court's order of December 3, 1998, in all respects.

On December 21, 1998, the debtor filed a Schedule C in the converted chapter 7 case, claiming a homestead exemption for his Laurel Avenue residence.  The section 341 creditors' meeting in the converted chapter 7 case was held on January 25, 1999.  On February 22, 1999, the chapter 7 trustee filed an objection to the debtor's homestead exemption on the same basis that was asserted by the chapter 13 trustee; namely, that the debtor's Laurel Avenue residence did not qualify for a homestead exemption in the converted chapter 7 case because the debtor was living elsewhere at the time he filed his chapter 13 petition.  On March 17, 1999, the bankruptcy court conducted a hearing to determine whether the debtor could exempt his Laurel Avenue residence as a homestead in the converted chapter 7 case

---

[2]See In re Alexander, 236 B.R. 679 (Bankr. D.Minn. 1999).

and thereafter issued the order now on appeal, which sustained the trustee's objection to the debtor's homestead exemption for the Laurel Avenue residence. The debtor now argues, inter alia, that his entitlement to a homestead exemption for the Laurel Avenue residence in the converted chapter 7 case is governed by Armstrong v. Lindberg (In re Lindberg), 735 F.2d 1087 (8th Cir. 1984). In addition, the debtor raises various procedural issues for our consideration. We shall first dispose of these issues before moving on to the substantive basis for the appeal.

## STANDARD OF REVIEW

On appeal, we review the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. Fed. R. Bankr. P. 8013; In re Usery, 123 F.3d 1089, 1093 (8th Cir. 1997); O'Neal v. Southwest Mo. Bank (In re Broadview Lumber Co.), 118 F.3d 1246, 1250 (8th Cir. 1997).

## DISCUSSION
### I. Debtor's "Motion to Strike"

By a letter dated August 16, 1999, the chapter 7 trustee (the appellee in this case) submitted to this Court a copy of the U. S. District Court's opinion and order of August 4, 1999. The debtor responded by filing a "motion to strike," seeking to bar this Court from taking into consideration the district court's opinion and order of August 4, 1999. The debtor asserts that the district court's opinion should be excluded from our consideration because it is prejudicial and because it was not a part of the record developed before the bankruptcy court when it issued its order of June 30, 1999–the order from which the present appeal was taken.

"Ordinarily an appellate court should base its decision on the facts as they existed at the time the trial court made its decision." Frankfurth v. Cummins (In re Cummins), 20 B.R. 652, 653 (B.A.P. 9th Cir. 1982). In extraordinary circumstances, however, an appellate court may "take judicial notice of developments in a case on appeal which have occurred in the district court after the appeal was filed." Cummins, 20 B.R. at 653 (quoting Samuel v. University of Pittsburgh, 506 F.2d 355, 360 n.12 (3rd Cir. 1973)). "[T]he on-going nature of bankruptcy proceedings, on occasion, creates situations where the reviewing court may take notice of fundamental events occurring after the entry of the judgment from which the

3

appeal was taken." Cummins, 20 B.R. at 653. Moreover, appellate courts regularly take similar judicial notice of post-appeal developments which trigger the mootness doctrine. Id. at 653 (citing Landy v. Federal Deposit Ins. Corp., 486 F.2d 139, 151 (3rd Cir. 1973)).

In Cummins, a real estate broker brought an adversary proceeding against the debtors to recover his real estate commission. Cummins, 20 B.R. at 652-53. The bankruptcy court entered judgment in favor of the debtors based on a conclusion that the real estate broker was a professional person who failed to receive court approval of his employment as required by § 327(b) of the Bankruptcy Code. Id. The real estate broker appealed that judgment to the Ninth Circuit Bankruptcy Appellate Panel. Id. Subsequently, while the appeal was pending, the debtors' voluntarily dismissed their bankruptcy petition. Id. The dismissal was brought to the appellate panel's attention during a telephonic hearing and again during oral argument. Id. at 654. The debtors argued that the appellate panel could not consider the dismissal of the debtors' bankruptcy petition because the dismissal had occurred after the bankruptcy court's decision in the adversary proceeding. Id. Nevertheless, the appellate panel took notice of the voluntary dismissal, and that fact formed the basis for the panel's decision to reverse and remand the case. Id. at 653-54.

In the present case, the debtor's argument closely resembles the argument made by the debtors in Cummins, and a similar result is appropriate. The debtor has not demonstrated how his present appeal to this Court would be prejudiced by our taking notice of the district court's opinion and order of August 4, 1999. Accordingly, we take judicial notice of the aforementioned decision, and the debtor's "motion to strike" is denied. Moreover, although our inquiry regarding the homestead exemption issue may be similar to that of the district court, our procedural context is different. The district court was concerned with the *chapter 13* trustee's objection to the debtor's homestead exemption. Thus, the district court was not squarely faced with the issue of whether a debtor may claim a homestead exemption in a *converted chapter 7 case* based on residency at the time of conversion. Because the district court did not address this issue, its opinion need not be given preclusive effect and should not impede this Court's determination of the issue now presented. The present appeal arises in the context of the converted chapter 7 case wherein the debtor has attempted to exempt the homestead where he resided at the time of conversion. Therefore, this Court is in a proper procedural context to address the debtor's argument that homestead exemption

eligibility is determined according to the date of conversion. First, however, we will dispose of the debtor's argument that the chapter 7 trustee's objection was untimely filed.

## II. Timeliness of the Chapter 7 Trustee's Objection

On December 21, 1998, the debtor filed an amended Schedule C, claiming his Laurel Avenue homestead as exempt in the converted chapter 7 case. On January 25, 1999, the creditors' meeting for the converted chapter 7 case was held. On February 22, 1999, the trustee in the converted chapter 7 case filed an objection to the debtor's homestead exemption. The debtor asserts that the chapter 7 trustee's objection was untimely under Rule 4003(b) because it was not filed within 30 days after the debtor filed his amended schedule. The debtor argues that objections to exemptions must be filed within 30 days after an amendment to Schedule C or within 30 days after the *original creditors' meeting in the chapter 13 case*, citing In re Ferretti, 230 B.R. 883 (Bankr. S.D.Fla. 1999) in support of his position. Apparently interpreting Rule 4003(b) according to its plain meaning, the bankruptcy court concluded that the trustee's objection to the debtor's homestead exemption was timely filed because it occurred within 30 days after the creditors' meeting in the converted chapter 7 case. See In re Alexander, 236 B.R. 679, 681 (Bankr. D.Minn. 1999).

The trustee or any creditor may file objections to a debtor's claimed exemptions within 30 days after the conclusion of the section 341 creditors' meeting, or within 30 days after the filing of any amended schedules. Fed. R. Bankr. P. 4003(b). A trustee who fails to timely file an objection to an exemption pursuant to Rule 4003(b) is precluded from objecting at a later time, and the disputed asset is exempt. Taylor v. Freeland & Kronz, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). "Because an order of conversion constitutes an order for relief under the chapter to which the case is converted, Rule 2003(a) mandates the United States trustee to call a meeting of creditors." Ferretti, 230 B.R. at 887. In the context of conversion from chapter 11 to chapter 7, the chapter 7 trustee may file objections to exemptions within 30 days after the creditors' meeting in the converted chapter 7 case. See LaRossa v. Leydet (In re Leydet), 150 B.R. 641 (Bankr. E.D.Va. 1993); In the Matter of Bergen, 163 B.R. 377 (Bankr. M.D.Fla. 1994); In re Kleinman, 172 B.R. 764 (Bankr. S.D.N.Y. 1994). But see In re Brown, 178 B.R. 722 (Bankr. E.D.Tenn. 1995); In re Halbert, 146 B.R. 185 (Bankr. W.D.Tex. 1992). Similarly, in the context of conversion from chapter 13 to chapter 7, the chapter 7 trustee may timely file an objection to the

5

debtor's claimed exemptions within 30 days after the creditors' meeting in the converted chapter 7 case. Weissman v. Carr (In re Weissman), 173 B.R. 235, 237 (M.D.Fla. 1994); In re Jenkins, 162 B.R. 579, 580-81 (Bankr. M.D.Fla. 1993). But see In re Beshirs, 236 B.R. 42 (Bankr. D.Kan. 1999); Ferretti, 230 B.R. at 891 (holding that the chapter 7 trustee in a case converted from chapter 13 cannot file objections to exemptions unless the case was converted in bad faith or amended schedules were filed following conversion).

Leydet, Bergen, Kleinman, Weissman, and Jenkins stand for the proposition that the trustee in a converted chapter 7 case may timely file objections to exemptions within 30 days after the creditors' meeting in the converted case. Halbert reached a different conclusion based largely on the idea that once property is successfully exempted by the debtor in possession in the chapter 11 case, it is no longer part of the bankruptcy estate, and an objection in the converted chapter 7 case would not be sufficient to bring the previously exempted property back into the estate. Halbert, 146 B.R. at 188-89. Brown adopted this reasoning from Halbert. Brown, 178 B.R. at 726-27. However, the concern raised in Brown and Halbert is not present in this case because the debtor did not successfully exempt his Laurel Avenue property within the context of his chapter 13 case. Therefore, Brown and Halbert are less applicable to the present case.

Furthermore, part of the basis for the Ferretti court's decision was that a different holding would "have the effect of setting aside and emasculating" a previous order by the bankruptcy court in that case. Ferretti, 230 B.R. at 890. The present case raises a similar concern. In the chapter 13 context of this case, the bankruptcy court ruled that the debtor could not exempt the Laurel Avenue property under Minnesota law. The applicable legal standard remains the same in the context of the converted chapter 7 case. Therefore, it would be illogical to hold that a debtor in a converted case may reverse a previous ruling of the bankruptcy court simply by filing an amended schedule. To quote the court in Ferretti, "[s]uch a result nullifies the principle of law of the case" and "ignores the statutory mandate that property of a converted case is to be determined as of the date of the original petition." Ferretti, 230 B.R. at 890.

Finally, we are unpersuaded by the reasoning of the court in Beshirs. As the court observed in Leydet, nothing in the Bankruptcy Code or Bankruptcy Rules restricts the term

6

"meeting of creditors" in Rule 4003(b) to refer only to the original meeting of creditors that occurred before conversion. Leydet, 150 B.R. at 643. The argument that the trustee in a converted chapter 7 case is precluded from filing objections to exemptions because Rule 1019(2) fails to provide a new filing period after conversion is unpersuasive. Id. Stating a new filing period in Rule 1019(2) would be unnecessary and repetitious because the plain meaning of Rule 4003(b) already provides for a new filing period after the meeting of creditors pursuant to Rule 2003(a) in the converted case. Id. Moreover, discovering improper exemptions is one of the primary purposes for conducting a meeting of creditors. Thus, precluding the trustee from filing objections to exemptions in a converted chapter 7 case runs contrary to the role of the chapter 7 trustee in bankruptcy and needlessly compromises the rationale for conducting section 341 meetings in converted cases. Id. at 644. Accordingly, we affirm the bankruptcy court's conclusion that the trustee's objection to the debtor's homestead exemption in the converted chapter 7 case was timely filed pursuant to Rule 4003(b).

### III. Debtor's Homestead Exemption

At the time the original chapter 13 petition was filed, the debtor was living at his Lexington Parkway property. At the time of conversion, the debtor was living at his Laurel Avenue property. The debtor asserts that he can claim a homestead exemption for his Laurel Avenue property, citing Armstrong v. Lindberg (In re Lindberg), 735 F.2d 1087 (8th Cir. 1984) in support of his proposition that facts existing at the time of conversion control homestead exemption eligibility.

In Lindberg, the court ruled that when a case is converted from chapter 13 to chapter 7, the date of conversion controls what exemptions may be claimed in the converted chapter 7 case. Lindberg, 735 F.2d at 1090-91. When Lindberg was decided, the majority of courts agreed that property of the converted chapter 7 bankruptcy estate was determined at the time of conversion, and the Lindberg decision relied heavily on this principle. Lindberg, 735 F.2d at 1090 (citations omitted). As the Lindberg court stated, "[o]nly if the same date controls what is property of the estate and what exemptions may be claimed can the debtor make full use of exemption laws." Id.

However, later decisions by the Eighth Circuit cast doubt on the Lindberg decision's continued viability in light of the 1994 amendments to the Bankruptcy Code. See Armstrong v. Harris (In re Harris), 886 F.2d 1011, 1013 (8th Cir. 1989); Armstrong v. Peterson (In re Peterson), 897 F.2d 935, 937-38 (8th Cir. 1990). Without expressly overruling Lindberg, the Harris court stated that the interplay of section 522(b)(2)(A) and section 348(a) "indicates that the date of petition controls exemption eligibility." Harris, 886 F.2d at 1013. Furthermore, the Peterson court ruled unequivocally that exemption eligibility is determined according to the facts and exemption laws applicable at the time a bankruptcy petition is filed. Peterson, 897 F.2d at 937-38. However, neither the Harris court nor the Peterson court specifically addressed the situation where a bankruptcy case was converted from one chapter to another.

In 1994, the Bankruptcy Code was amended to include the following provision:

> . . . [W]hen a case under chapter 13 of this title is converted to a case under another chapter of this title–
>     (A) property of the estate in the converted case shall consist of property of the estate, *as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion*; . . .

11 U.S.C. § 348(f)(1)(A) (italics added). Moreover, conversion of a case from one chapter to another "does not affect a change in the date of the filing of the petition." 11 U.S.C. § 348(a). The Bankruptcy Code clearly indicates that in a case converted from chapter 13, property of the estate in the converted case is determined according to the filing date of the original chapter 13 petition. Therefore, exemption eligibility should also be determined as of the original chapter 13 filing date. This principle is consistent with the Harris decision, the Peterson decision, and the Lindberg court's reasoning that property of the estate and exemption eligibility should be determined as of the same date. Indeed, other courts have concluded that Lindberg has been superseded by the 1994 Bankruptcy Code amendments and that exemption eligibility is determined as of the date the original chapter 13 petition was filed. See Lowe v. Sandoval (In re Sandoval), 103 F.3d 20 (5th Cir. 1997); In re Weed, 221 B.R. 256 (Bankr. D.Nev. 1998); In re Ferretti, 230 B.R. 883 (Bankr. S.D.Fla. 1999); In re

<u>Beshirs</u>, 236 B.R. 42 (Bankr. D.Kan. 1999). Therefore, we affirm the bankruptcy court's conclusion that <u>Lindberg</u> is no longer good law.

## CONCLUSION

Based on the foregoing, the debtor's "motion to strike" is denied, and the bankruptcy court's order of June 30, 1999, is affirmed.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL,
EIGHTH CIRCUIT.