**In re Robert L. PAGE, Debtor.**

**Bankruptcy No. HT 98–02756.**

United States Bankruptcy Court, W.D. Michigan.

Oct. 29, 1999.

Wallace H. Tuttle, Traverse City, Michigan, for debtor Robert L. Page.

Michael S. McElwee, Kalamazoo, Michigan, for creditors Denny and Patricia Strong.

*OPINION REGARDING MOTION FOR SUMMARY JUDGMENT ON CREDITORS' OBJECTION TO EXEMPTIONS*

JAMES D. GREGG, Chief Judge.

## I. INTRODUCTION

This contested matter is before the court on the renewed motion by creditors Denny and Patricia Strong ("Strongs") for a summary judgment determining that Robert L. Page ("Debtor") is not entitled to exempt certain personal property under section 522(b)(2) of the Bankruptcy Code,[1] *i.e.* the Castle & Cooke stock, the Page & Cox stock, and the Debtor's interest in a receivable represented by a promissory note of the PAR Corporation ("PAR note"). The Debtor has claimed this property as exempt under the Michigan exemption for entireties property. *See* Debtor's Schedule C (annexed.as Exhibit A to Denny and Patricia Strongs' Brief in Support of their Objections to Debtor's Claimed Exemptions); Mich.Comp.Laws Ann. § 557.151.

## II. JURISDICTION

The court has jurisdiction over this contested matter under 28 U.S.C. § 1334. The matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B), because it involves the Strongs' challenge to the Debtor's claimed exemptions.

## III. PROCEDURAL HISTORY

On March 30, 1998, the Debtor filed a voluntary petition under chapter 13 of the

Bankruptcy Code. The chapter 13 trustee held and *concluded* the first meeting of creditors on September 24, 1998. 11 U.S.C. § 341(a). On May 12, 1999, the court granted the Debtor's motion to convert his case from chapter 13 to chapter 11. Thereafter, as is its practice when a case converts, the court issued a Notice of Commencement of Case, and scheduled another meeting of creditors. *See* 11 U.S.C. §§ 341(a) (requiring United States trustee to convene meeting of creditors "within a reasonable time after the order for relief"); *id.* § 348(a) (conversion constitutes new "order for relief under the chapter to which the case was converted"); Fed.R.Bankr.P.2003(a). The United States trustee convened this second meeting, and adjourned it *sine die*. This meeting is not yet concluded. *See* Transcript of September 2, 1999 hearing at 73–74 (hereinafter "Tr. at ___"). On July 7, 1999, the Strongs filed their objection to the Debtor's exemptions, arguing that the Debtor is not entitled to claim an exemption as a tenant by the entireties with respect to the stock[2] or the PAR note. On August 10, 1999, pursuant to Fed.R.Bankr.P. 7056, the Strongs moved for summary judgment with respect to their objection. Thereafter, in anticipation of an evidentiary hearing on the matter scheduled for September 2, 1999, they withdrew their motion. For reasons stated on the record, the court decided not to take testimony at that hearing. The Strongs subsequently renewed their motion for summary judgment. The court heard oral argument in Traverse City, Michigan on October 21, 1999.

## IV. DISCUSSION

■ On the merits, the Strongs object to the Debtor's exemption in the stock and

---

**1.** 11 U.S.C. § 522(b)(2). The Bankruptcy Code (hereinafter "Code") is set forth in 11 U.S.C. §§ 101–1330. Unless otherwise stated, all further statutory references are to the Code.

**2.** The Debtor withdrew the claimed entireties exemption with respect to the Castle & Cooke stock on the record at a hearing held on September 2, 1999, and stated that the stock is property of the estate. *See* Tr. at 61–62. The only stock at issue is the Page & Cox stock listed on Schedule C.

PAR Note on the ground that the Debtor is not entitled to treat the property as entireties property. Specifically, the Strongs argue that the Debtor fraudulently conveyed his interest in the Page & Cox stock to himself and his wife, to create a tenancy by the entireties and thereby put the stock beyond the Strongs' reach. *See* Denny and Patricia Strongs' Brief in Support of Their Objections to Debtor's Claimed Exemptions at 2. With respect to the exemption for the PAR note, the Strongs argue that the Debtor's documentation of his interest in the note is "unclear" and that "the source of the funds from that loan came from Debtor, not his wife." *See id.* Contending that there is no genuine issue as to any material fact with respect to their objection, the Strongs move for summary judgment pursuant to Fed.R.Bankr.P. 7056.

Under Fed.R.Civ.P. 56(c), made applicable herein by Fed.R.Bankr.P. 7056, a summary judgment

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. . . .

Fed.R.Civ.P. 56(c). Summary judgment practice is an exercise in issue spotting, and frequently, in determining which factual disputes are material, and which are not. The materiality of a factual dispute, of course, depends upon the applicable law.

In this case, having reviewed the file and having heard oral argument, the court has determined that Fed.R.Bankr.P. 4003(b) supplies the applicable law, and that two undisputed facts, discernable from the file, render all other factual questions immaterial: (1) the initial meeting of creditors in the chapter 13 phase of the case was con-

cluded on September 24, 1998,[3] and (2) the Strongs' objection was filed July 7, 1999.[4]

■ Under Fed.R.Bankr.P. 4003(b), a creditor or other interested party must file objections to a debtor's claimed exemption "within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) . . . unless, within such period, further time is granted by the court." Fed. R.Bankr.P. 4003(b). This 30-day period is strictly enforced. *See Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992); *Rogers v. Laurain (In re Laurain),* 113 F.3d 595 (6th Cir.1997); Fed.R.Bankr.P. 9006(b)(3) ("The court may enlarge the time for taking action [under Fed.R.Bankr.P. 4003(b)] . . . only to the extent and under the conditions stated in [that rule].").

■ Although the cases are not unanimous, the better reasoned decisions hold that the 30-day period for objecting to exemptions commences at the conclusion of the "first" first meeting of creditors, and not at the conclusion of any subsequent meetings that may be held as a consequence of a conversion of the case from one chapter to another. Therefore, the convening of a subsequent meeting of creditors following the conversion of the Debtor's case from chapter 13 to chapter 11 did not trigger a new 30-day period for objecting to exemptions. *See In re Beshirs,* 236 B.R. 42, 45 (Bankr.D.Kan.1999); *In re Ferretti,* 230 B.R. 883, 886–90 (Bankr.S.D.Fla.1999); *In re Brown,* 178 B.R. 722, 726 (Bankr.E.D.Tenn.1995); *contra, In re Havanec,* 175 B.R. 920, 923 (Bankr.N.D.Ohio 1994); *In re Bergen,* 163 B.R. 377 (Bankr.M.D.Fla.1994). This conclusion is bolstered by the self-executing language of section 522(*l*), which provides that "[u]nless a party in interest objects, the property claimed as exempt . . . *is exempt.*" 11 U.S.C. § 522(*l*) (emphasis added); *Taylor,* 503 U.S. at 643, 112 S.Ct. at 1648 ("The Bankruptcy Court did not

---

**3.** *See* Trustee's Résumé of First Meeting of Creditors, dated Sept. 24, 1998 (Doc. No. 42).

**4.** *See* Objection to Claimed Exemptions (Doc. No. 86).

extend the 30–day period. Section 522(*l*) therefore has made the property exempt."); *Gamble v. Brown (In re Gamble)*, 168 F.3d 442, 444 (11th Cir.1999) (*citing Hall v. Finance One of Georgia, Inc. (In re Hall)*, 752 F.2d 582, 584 (11th Cir.1985) ("Once the property is removed from the estate [through exemption] the debtor may use it as his own."), *abrogated on other grounds by Finance One v. Bland (In re Bland)*, 793 F.2d 1172, 1174 (11th Cir. 1986) (en banc)); *In re Brown*, 178 B.R. at 726 ("After *Taylor*, it seems unwise to attempt the judicial amendment of § 522(*l*) by limiting the finality of its operation...."). Because, in the absence of objection, property claimed as exempt is withdrawn from the estate upon the expiration of the 30–day period, "there would have to be some means of returning the debtor's property to the [converted] estate in order for objections at that point [post-conversion] to mean anything." *In re Brown*, 178 B.R. at 726 (*citing In re Halbert*, 146 B.R. 185, 189 (Bankr.W.D.Tex.

1992)). *An objection to exemptions is not tantamount to an action to recover exempt property.*[5]

Because the Strongs filed their objections on July 7, 1999—well beyond the 30–day period following the conclusion of the September 24, 1998 meeting of creditors, and because the court did not grant an extension of time within that 30–day period, the Strongs' objection is untimely. Accordingly, the court will deny their motion for summary judgment.

Moreover, because the Strongs have briefed the issue of the timeliness of their objections, and have been on notice that the issue of the timeliness of their objection could be determined prior to an evidentiary hearing,[6] the court will *sua sponte* enter summary judgment overruling the Strongs' objection although the Debtor has not moved for summary judgment. *Cf. Grand Rapids Plastics, Inc. v. Lakian*, 188 F.3d 401 (6th Cir.1999) ("Although [de-

**5.** The distinction between an objection to an entireties exemption and an action to set aside a fraudulent conveyance that creates a tenancy by the entireties is particularly important in bankruptcy. Under section 541(a), only the debtor's interest in entireties property becomes property of the estate (absent substantive consolidation of the debtor's and the spouse's estates). If a creditor or other party in interest successfully objects to the entireties exemption, the court will administer the debtor's interest in the entireties property for the benefit of all the debtor's creditors—not simply joint creditors of the debtor and the non-debtor spouse. Also, a timely objection to an entireties exemption may permit the trustee to administer the entireties property for the benefit of joint creditors of the debtor and the non-debtor spouse. *See Liberty State Bank and Trust v. Grosslight (In re Grosslight)*, 757 F.2d 773 (6th Cir.1985); *Lasich v. Estate of A.N. Wickstrom (In re Wickstrom)*, 113 B.R. 339 (Bankr.W.D.Mich.1990) (dicta); *Michigan Nat'l Bank v. Chrystler (In re Trickett)*, 14 B.R. 85 (Bankr.W.D.Mich.1981). When the court sustains an objection to an entireties exemption, the trustee may sell the interest of the non-debtor spouse, but only under the conditions prescribed in section 363(h)–(j). The non-debtor spouse then takes his or her share under section 363(j). On the other hand, if the trustee succeeds in *avoiding* the

transfer that created the tenancy by the entireties, the trustee recovers the entire property (*i.e.*, both the debtor's and the spouse's interests) for the benefit of the estate under section 550, and may dispose of the property without the restrictions of section 363(h)–(j). In effect, avoiding a transfer (as opposed to merely sustaining an objection), increases (presumptively doubles) the amount of property available to satisfy claims against the estate. In sum, although the court must look to Michigan's fraudulent conveyance laws when assessing a debtor's entitlement to an entireties exemption, *see Hoerner v. Elkins (In re Elkins)*, 94 B.R. 932 (Bankr.W.D.Mich. 1988), the two remedies are, at least in the context of bankruptcy, entirely distinct. *Cf. Levine v. Weissing (In re Levine)*, 134 F.3d 1046 (11th Cir.1998) (trustee's complaint to avoid fraudulent transfer is not subject to Fed.R.Bankr.P. 4003(b) 30–day period, but instead is governed by 2–year limitation period of section 546(a)).

**6.** *See* Order Scheduling Status Conference to Discuss Possible Procedures Regarding Pending Motions Filed by Creditors, dated September 13, 1999; *see also* The Strongs' Supplementary Brief in Support of Their Motion for Summary Judgment With Respect to Their Objection to Debtor's Claimed Exemptions at 13–22 (addressing the issue in detail).

fendant] did not move for summary judgment, and in fact did not raise the statute of limitations defense in his answer, the district court did not err in granting *sua sponte* summary judgment in favor of [defendant].").

▮ The court notes, however, that its ruling on the Strongs' objection to the Debtor's exemptions is without prejudice to any action by the trustee to recover property, *e.g.* by using his strong-arm powers under section 544.[7] Although the exemption has the effect of removing the Page & Cox stock and the PAR note from the estate, the property of the estate may be augmented by any interest in property that the trustee subsequently recovers under section 550, or that is preserved for the benefit of the estate under section 551. *See* 11 U.S.C. § 541(a)(3) & (a)(4); *see also supra* n. 5 (distinction between avoidance and objections to exemptions).[8] However, it bears repeating: the only issue necessarily decided today is that the Strongs' objection to the Debtor's exemptions is untimely.

## V.  CONCLUSION

For the reasons discussed above, the Strongs' objection to the Debtor's claimed exemption regarding the Page & Cox stock and the PAR note is overruled.  The Debtor's previously claimed exemption in the Castle & Cooke stock has been withdrawn, and that stock is property of the estate. The court will enter a separate order in conformity with this opinion.

---

7.  The trustee commenced an avoidance action against the Debtor and his wife on October 18, 1999.  *See* Verified Complaint for Declaratory Relief and for Injunctive Relief (Adv.Proc. No. 99–88416).

8.  The court also notes that, assuming the trustee recovers the Page & Cox stock using his strong-arm powers in a separate adversary proceeding, the Bankruptcy Code would prohibit the Debtor from claiming exemptions with respect to property that he voluntarily conveyed prepetition.  11 U.S.C. § 522(g); *Lasich v. Estate of A.N. Wickstrom (In re Wickstrom),* 113 B.R. 339 (Bankr.W.D.Mich.1990) (voluntary prepetition transfer of exempt property forfeits the right to claim exemption in bankruptcy).